## The STATE, on the Complaint of N. PROTZMAN, *v.* BRADLEY.

The prosecution under the statute for the support of illegitimate children, may be in the name of the state.
The date of a recognizance for the defendant's appearance in Court, may be the day on which he is recognized to appear.

ERROR to the *Switzerland* Circuit Court.                    *Wednesday, August 9.*

SCOTT, J.—This was a case of bastardy, brought before the *Switzerland* Circuit Court on a recognizance entered into before a justice of the peace. The Circuit Court dismissed the case,

because the prosecution was carried on in the name of the state; and because the recognizance was for the appearance of the defendant on the first day of the *May* term of the said Court, and was dated on the same day. The statute on which this proceeding was founded, has given no direction in whose name the proceedings are to be carried on. The mother is made a competent witness. The jury are not authorized to find a verdict for her, nor the Court to give her a judgment (1). She cannot then with any propriety be considered a party. On a similar statute in *Kentucky*, the proceedings are in the name of the commonwealth. Hard. 290, 479. The name of the state has been used here to carry the provisions of the statute into effect; and we see no good reason for the objection (2).

We think the other objection equally untenable. In the case of *Pugh* v. *Robinson*, 1 T. R. 116, it was decided, that where the cause of action is stated to have accrued on the first day of the term, the declaration may be entitled of the term generally. The Court will presume the transaction to have taken place in the morning, before the hour of opening Court. This was probably the case in the instance before us; and the recognizance might be returned to that term without any repugnancy.

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Lane*, for the state.

*Caswell* and *Test*, for the defendant.

(1) Ind. Stat. 1817, p. 229;—1823, p. 225.

(2) Vide *Woodkirk* v. *Williams*, in this Court, *Nov.* term, 1820, post.