Nov. Term,
1839.

Doe
v.
Reagan.

5b 217
145 318

Doe, on the Demise of Sutton, *v.* Reagan and Others.

The opinion of a witness not being a medical man, as to a person's insanity, is not admissible evidence, unless the facts on which it is based have come under his own observation, and unless he state those facts to the jury.
The objection to a deed of conveyance on the ground of the grantor's insanity, is the proper subject of inquiry for a jury.
Evidence of declarations, &c. made at the time of a transaction that is the subject of inquiry, and which are a part of the *res gestœ*, is admissible.
To prove that a suit had been defeated by a plea of infancy, a record of the suit should be produced.
The opinion of the Circuit Court respecting the admissibility of evidence will be presumed correct, unless the record show it to be otherwise.
A witness cannot be impeached by proving, by other witnesses, that he had previously made a contradictory statement, until he has himself been examined with respect to such previous statement.

ERROR to the *Fayette* Circuit Court.

*Friday,*
*November 22.*

Blackford, J.—This was an action of ejectment for a tract of land in *Fayette* county. Plea, the general issue. Verdict and judgment for the defendants.

On the trial, certain depositions taken by the plaintiff, were suppressed on the defendants' motion. These were depositions in which the witnesses expressed their opinions that one *Joseph Reagan*, under whom the defendants claim, was insane at the time of his execution of a deed to them for

the premises in dispute. These depositions were correctly suppressed. The opinions of witnesses may be taken as to the sanity of a grantor, but the facts upon which the opinions are founded must be also stated. Men of medical skill, who have no personal knowledge of the facts, may be asked their opinions whether certain appearances, detailed by other witnesses, are symptoms of insanity. *Rex* v. *Wright*, Russ. & Ryan's Crown Cases, 456. But the opinion of a person not of the medical profession is not evidence, unless the facts upon which it is based have come under his own observation, and unless also he state those facts to the jury. In the case before us, the facts were not stated from which the opinions were formed, and the testimony was consequently inadmissible.

After the plaintiff had closed his evidence, the defendants proved *Joseph Reagan's* execution of the deed under which they claimed, and then offered it in evidence. The plaintiff objected to the reading of the deed, on the ground of the grantor's insanity, and offered to prove the insanity to the Court. The objection was correctly overruled. It was not for the Court to decide, whether the grantor was insane or not. The defendants having proved the execution of the deed, had a right to read it to the jury; and it was for the plaintiff, afterwards, to satisfy the jury, if he could, that the grantor was insane at the time the deed was executed. The objection to a deed on the ground of the grantor's insanity, is like an objection to it on account of its execution having been obtained by fraud or by duress, and is the proper subject of inquiry for a jury.

To prove the consideration of the deed executed by *Joseph Reagan*, the defendants offered to prove that, at the time of its execution, *William Reagan*, one of the defendants, told the grantor that he had used 1,300 dollars of his, *William Reagan's* property; to which the grantor answered that he thought it was not quite so much. The plaintiff objected to this evidence, but the Court overruled the objection. The conversation in question took place during the transaction, and was a part of the *res gestæ*. The objection to the evidence was, therefore, without foundation. *Joseph Reagan's* written acknowledgment of the same date with the

deed, that the deed was executed in consideration of certain debts due from him to the defendants, was admitted in evidence, though objected to by the plaintiff. This acknowledgment was also a part of the *res gestæ*, and was legal testimony.

As a further proof of the consideration of *Joseph Reagan's* deed, the defendants proved that *William Reagan*, one of the defendants, had executed a note as surety for *Joseph Reagan* for a certain sum of money. On the cross-examination of the witness who stated that fact, the plaintiff offered to prove that in a suit on the note, *William Reagan* avoided a judgment against him by pleading infancy, and that his co-surety was compelled to pay the money. The evidence was objected to, and the objection sustained. This evidence was objectionable because it was parol. The record of the suit should have been produced.

The plaintiff offered to prove that the witness had expressed an opinion to one of the defendants, that *Joseph Reagan* was insane, but the evidence being objected to was rejected. It does not appear when this conversation took place nor to what time it referred, and were it necessary, we must presume in favour of the opinion of the Court, that it occurred at, and had reference to, a time subsequent to the execution of the deed. It is unnecessary, therefore, to notice this evidence further.

The plaintiff makes one other objection. *Houston*, one of the defendants' witnesses, stated that he saw nothing unusual in *Joseph Reagan's* conduct at *Cincinnati*, about the time the deed in question was executed. He was cross-examined; but no inquiry was made of him whether he had previously made different statements on the subject. The plaintiff, afterwards, offered to prove by another witness that *Houston* had, before the trial, made statements respecting *Joseph Reagan's* insanity, different from those made by him as a witness. This evidence was objected to, and the objection sustained. It was the plaintiff's object, by this evidence, to impeach the credit of *Houston*, by showing his contradictory statements respecting a matter relevant to the cause. This mode of impeaching *Houston's* credit would have been admissible, if the plaintiff had laid a foundation

Nov. Term, 1839.

for it, by interrogating *Houston* himself as to the previous statements. It has often been decided, that an opportunity must first be given to the witness to answer respecting his previous statements, before they can be proved by other testimony. *The Queen's Case*, 2 Brod. & Bingh. 284, 314. *Angus* v. *Smith*, 1 Moody & Malkin, 473.—*Crowley* v. *Page*, 7 Carr. & Payne, 789.—*Everson* v. *Carpenter*, 17 Wend. 419.—*M'Kinney* v. *Neil*, 1 M'Lean's R. 540, 547. In the present case, the plaintiff not having laid the proper foundation for his proposed inquiry, the objection to the evidence was valid (1).

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test* and *R. W. Thompson*, for the plaintiff.

*C. B. Smith* and *J. S. Newman*, for the defendants.

(1) It is not enough to ask the witness generally whether he has ever said so and so, but he must be asked as to the time, place, and person, involved in the supposed contradiction. *Angus* v. *Smith*, 1 Mood. & Malk. 473.

If the witness deny the words, declaration, or act imputed to him, then, if it be not a matter collateral to the cause, witnesses may be called to contradict him. *The Queen's Case*, 2 Brod. & B. 314.

If the witness merely says that he does not recollect, you may prove that he did say what is imputed to him, always supposing the statement to be relevant to the matter at issue. *Crowley* v. *Page*, 7 C. & P. 789.