Palmer *v.* Haight:

---

SAME TERM. *Harris, Paige, and Parker,* Justices.

## PALMER *vs.* HAIGHT:

What evidence is admissible in support of a plea of justification, in an action for slander.

Where a witness is sought to be discredited, by showing that he has, on another occasion, made statements differing from his testimony, he should have an opportunity, in the first instance, to explain what he said before. And for that purpose his attention must be called to the time and place, when and where, and the person to whom, the alleged declarations, inconsistent with his testimony, were made.

THIS was a writ of error to the Greene common pleas. The plaintiff in error was defendant below. The action was slander. The declaration set forth the following charges, as having been made by the defendant against the plaintiff: " *You have committed perjury.*" " *You stole the cattle.*" " *He perjured himself, for he stole the cattle.*" " He perjured himself before the grand jury." The defendant pleaded the general issue, and two pleas of justification. The first plea justified the words charging the plaintiff with having stolen the cattle. The second, justified the words charging the defendant with having committed perjury, but not the charge of perjury before the grand jury. Upon the trial, a witness called by the

Palmer *v.* Haight.

plaintiff testified that in a conversation he had had with the defendant *in reference to the plaintiff's having been sworn before the grand jury, the defendant said the plaintiff had perjured himself, for he had stolen the cattle.* The plaintiff rested, and the defendant offered evidence in support of his first plea of justification. Among other witnesses, one Oakley was called by the defendant, and testified that he resided in Roxbury, in the county of Delaware, and that in March, 1844, the plaintiff brought a yoke of cattle to his house and left them with him. Upon his cross-examination, the plaintiff offered to show by the witness that he left the cattle under a contract to keep them for him until the bark-peeling season commenced. This evidence was objected to by the defendant's counsel, and received by the court. The defendant then offered to prove in support of his second plea of justification, that, upon an application before a justice of the peace for a search warrant, the plaintiff had perjured himself. The evidence was excluded, on the ground that the charge of perjury proved by the plaintiff was in reference to his swearing before the grand jury. The witness on the part of the plaintiff, who proved the words spoken by the defendant, was asked upon his cross-examination whether he had ever in the presence of any body, told the defendant that Haight had sworn before the grand jury *that he did not sign any receipt at all.* He replied that he had no recollection of ever telling the defendant so in the presence of any one. The defendant then offered to prove that upon a certain occasion the plaintiff's witness had said that the plaintiff swore before the grand jury *that he never signed any receipt to return the cattle to Edwards and Palmer when they should demand them.* This evidence was excluded by the court, and the defendant's counsel excepted.

The jury found a verdict for the plaintiff for $100, on which the court below gave judgment.

*M. Sanford,* for the plaintiff in error.

*L. Tremain,* for the defendant in error.

---

Palmer v. Haight.

---

*By the Court*, HARRIS, P. J.   The defendant, for the purpose of sustaining his first plea of justification, which was that the plaintiff had in fact stolen the cattle, proved that the cattle had been driven from the town of Hunter, some thirty miles into the county of Delaware.   The evidence was, probably, pertinent, and tended to sustain the plea.   If it was pertinent, then it was clearly competent to show the circumstances under which the cattle were driven away, and the contract under which they were left with Oakley, in Delaware.   All the circumstances connected with the transaction were proper evidence to be presented to the jury to enable them to decide whether the cattle had been taken away with a felonious intent.   The plaintiff's act, in taking the cattle to Oakley's, had been proved by the defendant.   It was a part of the same transaction that the cattle were left with Oakley under a contract to keep them until the bark-peeling season commenced. The court were right therefore in receiving the evidence.

Nor can I doubt the correctness of the decision of the court below in rejecting the evidence offered by the defendant to show that the plaintiff had committed perjury upon the application for a search warrant.   Although the declaration stated various slanderous charges made by the defendant, some of which, if proved, would have rendered the evidence offered by the defendant proper, yet upon the trial the plaintiff thought fit to confine his proof to a single charge, which was, that the plaintiff had perjured himself before the grand jury.   Of course the justification should also be confined to the same charge. A specific charge is proved.   It is, that the plaintiff, in giving testimony before the grand jury on a certain occasion, had perjured himself.   Suppose it were true, as the defendant offered to prove, that on a different occasion, when an application was made to a justice of the peace for a search warrant, the plaintiff had committed perjury.   How could that fact avail the defendant as a justification of the charge of committing perjury before the grand jury?   The plaintiff proved that he had been charged by the defendant with a specific offence ; perjury before the grand jury.   The defendant must be con-

Palmer *v*. Haight.

fined, in his defence, to the same specific charge. It cannot be material to prove what the defendant had sworn upon another occasion. If the defendant would justify the charge of perjury before the grand jury, he must show that the testimony given there was false. It may well be that the same evidence which would justify the charge of perjury in the one case would justify the same charge in the other case. But how could evidence that the plaintiff had sworn falsely upon the application for a search warrant aid the defendant in establishing the only fact material to his defence, that the plaintiff had perjured himself before the grand jury. (*Andrews* v. *Vanduzer*, 11 *John.* 38. *Skinner ads. Powers*, 1 *Wend.* 451.)

With a view to discredit the plaintiff's witness, the defendant offered to prove that he had said "that the plaintiff swore before the grand jury that he never signed any receipt to return the cattle," &c. As a foundation for this evidence, the plaintiff's witness had been asked whether he had ever, in the presence of any body, told the defendant that "the plaintiff had sworn that he did not sign any receipt at all." The evidence offered was not admissible. under the well settled rule adopted at the circuit. The uniform practice in such cases is, to afford the witness, sought to be impeached, an opportunity, in the first instance, to explain what he may have said before, and, for that purpose, his attention must be called to the time and place when and where, and the person to whom, the alleged declarations, inconsistent with his testimony, were made. (*Kimball* v. *Davis*, 19 *Wend.* 437.) The rule is founded in justice, and was properly applied in this case. The judgment of the court below must be affirmed.