### SPRAGUE *vs.* CADWELL.

Before the credit of a witness can be impeached, by proof that he has made statements out of court, contrary to what he has testified at the trial, his attention must be called to the occasion when he is supposed to have made such statements; and he must be asked as to the time, place and person, involved in the supposed contradiction.

The error of allowing a witness to be thus impeached, without first calling his attention to the time and occasion of making the supposed declarations, will not be cured, by afterwards recalling him, and giving him an opportunity to explain his testimony.

APPEAL from a judgment rendered by the county court of Monroe county, on certiorari to a justice of the peace.

Sprague, the appellant, sued Cadwell, the respondent, before the justice, where judgment was rendered against him in favor of Cadwell for the costs of the suit, which judgment was affirmed

Sprague *v.* Cadwell.

by the county court. The facts and proceedings before the justice, as far as material to be here stated, appear in the opinion of the court.

*H. Humphrey,* for the appellant.

*O. Hastings,* for the respondent.

*By the Court,* WELLES, P. J. The suit before the justice was to recover for the use and occupation of a piece of land in the village of Churchville, known as the Still lot. On the trial, Erastus Sprague, a son of the plaintiff, was the only witness to prove the demand. He testified that the defendant occupied the premises called the Still lot, a year or more, by permission of the plaintiff, at the rate of $25 a year, to be paid semi-annually, and that he had heard the defendant agree to pay rent to the plaintiff. That the defendant was to occupy the premises from the same time that a Mr. Warren's lease commenced, which was the 26th day of September, 1846. The defendant does not seem to have raised any question respecting his having occupied the premises for the time mentioned; but, as I gather from the testimony, sought to show that the contract of renting was not with the plaintiff, but with the witness, Erastus Sprague. This he attempted to prove on cross-examination of the witness; in the course of which he asked the witness the following question: "Did you ever tell Mr. Fuller you had rented the premises to Mr. Cadwell?" This question was objected to, on various grounds, and the objection overruled, when the witness answered as follows: "I was coming up the road one day, and Mr. Fuller came out and hailed me, and wanted to rent the premises, and I told him he could not have them, as they were rented to Mr. Cadwell, the defendant, and that father would let him have a piece on the low ground, or something to that effect." The defendant then asked the witness whether he ever told any body else that he had rented it to Mr. Cadwell. This question was also objected to, and the objection overruled; and the witness answered that he had not, to his recollection.

George Henry Hicks, a witness for the defendant, testified that he was acquainted with the parties, and had had a conversation with the witness Sprague about the occupying or letting the premises in question, in August, previous to the trial. He was then inquired of as to what the conversation was, with the avowed object of impeaching the witness Sprague; to which the plaintiff objected, on the ground that while Sprague was being cross-examined, his attention was not called to the conversation, nor to the time, or place where, nor to the person with whom, the conversation was held. The objection was overruled, and the witness permitted to detail the conversation; which was, that when the witness Hicks was in a buggy with the witness Sprague, the latter said to him, " a great many think I have lost all; there, is a piece of land I have let Mr. Cadwell have for two years;" pointing over towards the premises in question. Isaac Cadwell, another witness for the defendant, was permitted, for the like purpose, and under the like objection, to testify to a conversation with the witness Sprague. The witness Sprague was recalled by the plaintiff, for the purpose of contradicting the testimony thus introduced by the defendant to contradict him, and of explaining his own testimony in regard to some of the declarations imputed to him. It is now further urged by the counsel for the appellant, that the declarations of the witness Sprague, which the defendant was permitted to prove, were upon a point merely collateral, and immaterial to the issue; and therefore could not be contradicted. It will, I think, be a safe test of this question, to inquire whether it would have been competent to prove as evidence upon the issue, by witnesses who could testify to the fact, that Erastus Sprague, the witness, did let the defendant have the premises in question, as the witnesses for the defendant testified he stated to them was the fact. I think such evidence would have been competent, in the case supposed, to go to the jury, upon the question of who the contract of renting was in fact made with. But I think the justice erred in allowing the defendant to prove the declarations of the witness Sprague, made on a former occasion out of court, contrary to what he testified on the trial; on the ground, that his attention

Sprague v. Cadwell.

had not been sufficiently called to the occasion when he was supposed to have made the declarations. The rule appears to be well settled, that before the credit of a witness can be impeached, by proof that he has made statements out of court, contrary to what he has testified at the trial, he must be first asked as to the time, place and person, involved in the supposed contradiction. (1 *Gr. Ev.* § 462. *Angus* v. *Smith, Moody & M.* 473 ; *S. C.* 22 *Eng. Com. L. Rep.* 360. *Kimball* v. *Davis,* 19 *Wend.* 437. *The Queen's case.* 2 *Brod. & Bing.* 310 ; *S. C.* 6 *Eng. Com. L. Rep.* 129.)

It is contended by the counsel for the respondent, that inasmuch as the witness, whose testimony was sought to be thus impeached, was afterwards recalled by the plaintiff, and thus had an opportunity to explain his evidence, the error, if any, was cured. I do not find any such exception to, or modification of the rule. It would not, or at least might not, in all cases, reinstate the witness to the same standing with the jury, as he would have, in case he is permitted to make the explanation before being contradicted. An explanation made afterwards, might be said to be forced from the witness, which, otherwise would appear to be frank and ingenuous. It is impossible to say what impression the contradiction may have made upon the minds of the jury, before the opportunity for explanation arrives ; and when an unfavorable impression has thus been made, and allowed to remain until the case gets again into the hands of the party who introduced the witness, it may not easily be then entirely effaced, however ample the explanation may be.

I think the judgment of the county court, and that of the justice should be reversed.

Ordered accordingly.

[MONROE GENERAL TERM, September 2, 1850. *Welles, Selden* and *Johnson,* Justices.]