> *Per Curiam.*—The judgment is affirmed with costs:
> *W. S. Holman*, for the state (2).
> *P. L. Spooner* and *J. Ryman*, for the appellees.

(1) See note to *Wheeler* v. *Carpenter, ante,* 153, for cases.
(2) The following authorities were cited by counsel, touching the sufficiency
of the notice, and the validity of the election: *Nooe* v. *Bradley*, 3 Blackf.
158; *State* v. *Williams*, 25 Maine R. 563; *Christ's Church* v. *Woodward*, 26 *id.*
178; *Fossett* v. *Bearce*, 29 *id.* 523; *Bearce* v. *Fossett*, 34 *id.* 578; *Gilmore* v.
*Holt*, 4 Pick. 260; *Perry* v. *Dover*, 12 *id.* 206; *Tuttle* v. *Cary*, 7 Greenl. 433;
6 N. Hamp. R. 189; 4 Cow. 323; 17 Wend. 81; 20 *id.* 14; 1 Doug. (Mich.)
59; 13 Ala. R. 815; 7 *id.* 114. 25 Maine R. 567; 26 *id.* 491; 1 Mich. R. 364;
32 Maine R. 508, *Dennett's* case.

---

## DILLON *v.* BELL.

To make up the record properly under section 347 of the practice act, counsel
should notify the Court that it is the intention to take the question to the
Supreme Court, to the end that the Court may mold the record as the stat-
ute requires.

When the proper foundation has been laid, as to time, place, &c., with a view
to the impeachment of a witness on a material question, impeaching testi-
mony is admissible.

Monday,    APPEAL from the *Henry* Court of Common Pleas.
June 8.
    STUART, J.—Suit by *Bell* against *Dillon*, for the seduc-
tion of his daughter, *Cynthia Ann*, an infant.   The issues
of fact to which the pleadings led were submitted to a
jury; verdict and judgment for the plaintiff.   *Dillon* ap-
peals.

Several well settled rules of practice prevent a review

of many of the questions argued. For the satisfaction of counsel they will be briefly noticed.

The record does not purport to contain all the evidence; nor is there any question reserved under the 347th section, 2 R. S. p. 116. To make up the record properly under the latter provision, counsel should notify the Court that it is the intention to take the question involved to the Supreme Court, to the end that the Court below may mold the record as the statute requires. 2 R. S. *supra.*—*Starry* v. *Winning*, 7 Ind. R. 311 (1).

There is one point, however, saved by exception, which must reverse the case. With a view to impeaching the principal witness, on a material question, the proper foundation as to time, place, &c., was laid. The witness broadly denied having said so (2). Miss *Casey*, in whose presence she had made the statement, was offered by the defendant, *Dillon*, to prove that the witness had stated the facts about which she was interrogated. But the Court refused to admit the evidence. This ruling was so clearly erroneous, that it need only be stated.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Grose* and *E. Johnson*, for the appellant (3).

*E. B. Martindale, J. T. Elliott* and *J. F. Mellett*, for the appellee (4).

---

(1) See note to *Wheeler* v. *Carpenter, ante,* 153, for cases.

(2) She was asked if she had not said, in a conversation with Miss *Casey*, that "if it had not been for *Crosset*, she would not have been in that fix."

(3) Counsel for the appellant cited *Hill* v. *Wilson,* 8 Blackf. 123.

(4) Counsel for the appellee cited 2 Greenl. Ev. s. 577; 1 *id.* 617, and note; 1 Swift's Ev. p. 81; *Bamfield* v. *Massey,* 1 Camp. 460; *Dodd* v. *Norris,* 3 *id.* 519; *Carpenter* v. *Wahl,* 11 Ad. & El. 803; *Boyd* v. *Byrd,* 8 Blackf. 113; *Id.* 123.