Nov. Term,
1861.

Owen
v.
Rynerson.

Owen and Another *v.* Rynerson.

Before a witness can be impeached by proof of contradictory statements made out of Court, he must be inquired of as to such statements, after having his memory refreshed as to time, place and person.

Thursday,
February 6.

APPEAL from the *Hendricks* Common Pleas.

.Hanna, J.—The appellants sued the appellee for the alleged seduction of *Sarah Conner*, the daughter of the female appellant. Answer, general denial. Trial; verdict as follows: "We, the jury, agree to find for the defendant." Over a motion for a new trial, there was judgment for the defendant. Two points are presented upon the rulings of the Court, in refusing to admit, and in the admission of evidence.

*First.* The plaintiffs offered to prove the number, age and sex of their children, which was not permitted. We are cited to 2 Greenl. Ev., § 579, and authorities there noted, as authorizing such proof. If the authority cited justified the introduction of the evidence, it was in reference to the question of damages; and as the judgment was for the defendant, we are not able to see any effect the evidence, if admitted, should have had upon the mere question of guilt. The ruling, even if erroneous, should not, therefore, reverse the judgment.

*Second.* During the progress of the trial, one *Roach* was permitted, on behalf of the defendant, to testify, over the objection of the plaintiffs, that *Sarah Conner* had told him that defendant was not the father of the child. *Sarah Conner* had not been asked in reference to this conversation, when testifying.

For the illicit connection which had taken place, if any, between the said *Sarah* and the defendant, the plaintiffs were not entitled to recover any damages, unless they could show the same to have resulted from said act. Therefore, the evidence was permitted of others who may have had connection with her about the time the child was begotten; from the gestation and delivery of which, the loss of service,

&c., arose. Two witnesses testified to the commission of acts of illicit intercourse, about that time, with said *Sarah*. She testified to such act, with the plaintiff, and that he was the father of the child. As to the perpetration of the act, she was, to some extent, corroborated by another person, who witnessed it. Under the circumstances it was, therefore, proper that she should have been asked as to the alleged statement to *Roach*, even if such was not the general rule as to impeaching evidence by contradictory statements made out of court.

The plaintiffs had shown a loss of service, &c., because a child had been begotten. Who was responsible for such loss of service? It appeared, from the evidence, that some one of these men were. The mother of the child said it was the defendant. The other two men said, in effect, perhaps so, but we had an equal chance. The defendant then showed her statements that it was not his. Before he should have done this, the witness should have been called upon, after having her memory refreshed as to time, place and person, to make her statement in reference to such conversation.

It is objected that the jury did not return a verdict, only agreed to do so. We think that there is nothing in this objection.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*C. C. Nave* and *J. Witherow*, for the appellants.