May Term,
1861.

JUDY
v.
JOHNSON.

Tuesday,
June 11.

---

JUDY and Another v. JOHNSON.

Section 244 of the code, which allows the party producing a witness to impeach him, by showing that he has made statements different from his present testimony, does not authorize such impeachment unless a proper foundation has first been laid, by asking the witness whether he made the statements imputed to him; calling his attention to the time, place, and person involved in the supposed contradiction.

APPEAL from the *Warren* Circuit Court.

*Tuesday,
June 11.*

WORDEN, J.—This was an action by *Johnson* against the appellants, upon a promissory note made by *Judy* and *Malatt* to *Thomas Lyons*, and by the latter indorsed to the plaintiff. Verdict and judgment for the plaintiff.

The only question arising in the case, is involved in the ruling of the Court below in rejecting certain evidence offered by the defendants.

May Term,
1861.

JUDY
v.
JOHNSON.

On the trial, under the issues joined, it became a material question whether a part of the consideration of the note was "the rent of a certain pasture field," which had been let to *Judy* by one *Richard S. Lyons.*

The defendants offered in evidence the deposition of *Rich-ard S. Lyons,* taken by them, in which the witness denied, in substance, that such rent formed any part of the consideration of the note, by stating that the note was given for another and a different consideration. The defendants then offered to prove by a competent witness "a conversation between said *Richard S. Lyons* and *Benjamin Judy,* one of the defendants, to show that the said note was given, in part, in consideration of the rent," &c. This evidence was objected to, and the objection sustained. To the rejection of the evidence the defendant excepted.

The counsel for the appellants refer us to 1 Greenleaf's Ev., § 444, as authority for the admission of the evidence offered.

The question is, perhaps, governed by our statute. It provides, that "The party producing a witness shall not be allowed to impeach his credit by evidence of bad character, unless it was indispensable that the party should produce him, or in case of manifest surprise, when the party shall have this right; but he may in all cases contradict him by other evidence, and by showing that he has made statements different from his present testimony." Code, § 244.

The evidence offered, it will be observed, went, at most, only to show that the witness had made statements in relation to the consideration of the note, different from his deposition. The statute, we think, if deemed as embracing the case, should be construed in reference to the rules of law as to this mode of impeaching witnesses generally. It is abundantly established, that before a witness can be impeached by showing that he has made statements out of Court different from his testimony, the foundation must be first laid by having asked him whether he made the statements imputed to him; calling his attention to the time, place, and person involved in the supposed contradiction. 1 Greenl. Ev., § 462; Ind. Dig., § 113, p. 435. Here, no such foundation was laid, and the evidence was properly rejected.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. R. M. Bryant*, for the appellants.

*R. A. Chandler*, for the appellee.