Hill *v.* Goode.

*David McDonald*, for the appellant.

---

### HILL *v.* GOODE.

A judgment will rarely be reversed on appeal because a new trial was granted below, unless there was manifest wrong done.

A party may impeach his own witness by proof of bad character when it was indispensable the party should produce him, or in case of manifest surprise.

A party may always contradict his own witness by other evidence showing the facts to be different from his statements of them on the trial, or by proving previous statements of his own different from those made on the trial, but in this latter case the proper foundation must be first laid. See 16 Ind. 371.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—Suit to foreclose a mortgage. The mortgage was given to secure the payment of four notes; the first for 300 dollars; the second for 329 dollars; the third for 348 dollars, and the fourth for 372 dollars.

When the suit was commenced the first note had been paid, and the second had become due.

The defence of usury was answered to a part of the cause of action; and, on the trial, was found by the Court, trying the case, to be sustained; which finding, we think, was justified by the evidence. The uniform increase of 29 dollars in the face of the notes, tended to corroborate the evidence of the rate of eight per cent. interest.

On the trial a witness, *Mr. Pierce*, testified that after the first note had been paid, he had a conversation with the plaintiff who told him, in the conversation, that the amount on the face of the notes over 300 dollars each was for interest. After the finding by the Court in the cause, a motion for a new trial was made on the ground of surprise at the testimony of *Pierce*, supported by two affidavits, in one of which the plaintiff swore that he never had but one conversation with *Pierce*, after the first note was paid, touching the subject of the suit, and that he did not tell him that the excess of the notes over 300 dollars each was for interest; and in the other of which affidavits one *Baldwin* swore that he was present at the conversation mentioned by the plaintiff, and that no such statement as that sworn to by *Pierce* was made. On these affidavits the Court granted a new trial. In this the Court below did not so clearly err as to authorize this Court to vacate its action. A judgment will rarely be reversed on appeal because a new trial was granted below. See *Sandford* v. *Eighth Avenue R. R. Co.*, 23d N. Y. Court of App., N. Y. Rep. p. 363.

On the second trial the defendant proposed to prove the statements of one of his witnesses made on the previous trial, (which statements are in the record) and which were contrary to the statements made by him on the second trial; and he asked him the usual question for laying the foundation for such proof; but the Court decided that such contradiction of

Hill *v.* Goode.

the witness could not be allowed, and, hence, that the question laying the foundation was impertinent.

Section 244 of the civil code provides that, "the party producing a witness shall not be allowed to impeach his credit by evidence of bad character, unless it was indispensable that the party should produce him, or in case of manifest surprise, when the party shall have this right; but he may in all cases contradict him by other evidence, and by showing that he has made statements different from his present testimony." This section settles two points of the law of evidence, so far as this State is concerned, which were mooted at common law, and declares the existence of one well settled common law rule. The two mooted points settled are:

1. That a party may, in the given cases, impeach his own witness by proof of bad character. Sec. 2, Phil. on Ev., 4th Am. ed. p. 982.

2. That a party may prove previous statements of his own witness contradictory to those sworn to on the given trial. *Ibid,* p. 985.

The rule of the common law, of which the section of the statute quoted is simply declaratory, is that the party may contradict his own witness by other evidence showing the facts to be different from his statement of them on the trial. *Ibid,* p. 582.

From what has been said, it is manifest that the Court, in its ruling, violated the second proposition of law above stated; but we think, upon the whole record, it is not shown that that ruling injured the defendant. The contradiction was very slight—perhaps not irreconcilable, and the evidence given on the trial is not of record and may have been amply sufficient to support the judgment below. As to the obligation of the impeaching party to first lay a foundation before he can prove contradictory statements of his own witness, see *Judah* v. *Johnson,* 16 Ind. 371.

VOL. XVIII.—14

Such examination for laying the foundation, is just to the witness in giving him an opportunity to explain and correct his statements, and is certainly unobjectionable, and is necessary.

As to the practice in rendering judgment where but a part of installments are due, see 13 Ind. 353; 14 *id.* 401; 15 *id.* 102, 210, and 16 *id.* 229 and 233.

*Per Curiam.*—The judgment is affirmed, with one-quarter of one per cent. damages and costs.

*Henry S. Kelly, Isaac Van Devanter* and *James F. McDowell,* for the appellants.

*H. D. Thompson* and *W. R. Pierce,* for the appellee.