## BENNETT *v.* O'BYRNE and Another.

WITNESS—IMPEACHMENT.—Under the rule requiring the time to be fixed in laying the foundation for the impeachment of a witness, by proving statements contradictory to his testimony, it is sufficient if the attention of the witness is called to the particular conversation, so that he may not be taken by surprise.

APPEAL from the *Decatur* Common Pleas.

FRAZER, J.—Suit by the appellant on a replevin bond, alleging for breach that the plaintiff in replevin did not prosecute his suit with effect, etc., but dismissed it, etc. Answer in bar, that the property was the property of *O'Byrne,* who was plaintiff in the replevin. The same fact was also answered in mitigation of damages. A demurrer to the answer in bar was overruled, and this is assigned for error.

The record shows that the court afterward *sustained* this demurrer. This, though somewhat irregular, cured the error, and made it harmless; nor does it matter that the appellant afterward, of his own motion, chose to file a reply.

A witness of the appellant, having given important testimony on his behalf, was asked whether, at a certain place, in conversation with a certain person, in *December,* 1860, he did not make certain specified statements, which were not consistent with his evidence. He answered in the negative.

The impeaching witness was asked as to this conversation, over the appellant's objection, and answered that in *November, December,* or *January,* and he thought it was in *December,* but did not *know* it was in *December,* the appellant's witness did say substantially what was imputed to him.

It is objected that in laying the foundation for this impeachment, and in the impeaching evidence itself, the *time* was not fixed definitely enough.

The rule upon this subject is a practical one, and is founded upon clear principles of common sense. The exact time of a conversation it is often impossible to fix, and to require it would be simply to cut off all opportunity of impeachment in such cases. The object to be attained is to call the witness' attention to a particular conversation, so that he may not be taken by surprise. In some cases this can be done without any mention of time, as when

the witness sought to be impeached remembers peculiar circumstances attending the alleged conversation. Usually, dates are the least efficient of all means which can be used to refresh one's memory of events, and sometimes they afford no aid whatever. Each case depends somewhat on its own circumstances. Where a witness frequently meets and converses with another at a particular place, there might be reason for requiring time to be fixed; where he never had but one conversation, and could remember the fact, there would be no reason whatever for any allusion to time. Under the circumstances of this case, we think that the foundation for the impeaching evidence was sufficient.

There was a judgment for the plaintiff below of one cent, and against him for costs. This judgment for costs is claimed to be error.

It is urged that the matter pleaded in the answer is a counter-claim. We need not express any opinion upon that point, for the evidence is not in the record, and we can not assume that it was *proved.* If a counter-claim, it must have been not only pleaded but proved by the defendant, in order to entitle the plaintiff to costs. 2 G. & H. 227. *Edmunds* v. *Puckins,* 8 Blackf. 196; *Ham* v. *Gregg,* 1 Ind. 81; *Higman* v. *Brown,* 3 Ind. 430.

The judgment is affirmed, with costs.

*Oscar B. Hord* and *Cortez Ewing,* for appellant.
*S. A. Bonner,* for appellees.

Counsel for appellant argued: "The rule as to impeaching witnesses by giving evidence of statements at variance with their testimony is, that a foundation must be laid by interrogating them as to the statements out of court, fixing the time, place, etc." *Doe* v. *Reagan,* 5 Blackf. 217, and note; *Dillon* v. *Bell,* 9 Ind. 320; *Gibson* v. *The State,* 9 Ind. 264; *Jarboe* v. *Kepler,* 8 Ind. 314; *Lawrence* v. *Lanning,* 4 Ind. 94; *Ludy* v. *Johnson,* 16 Ind. 371; *Owen* v. *Rynerson,* 17 Ind. 620; *Hill* v. *Goode,* 18 Ind. 207; *Palmer* v. *Hight,* 2 Barb. 210; *Sprague* v. *Caldwell,* 12 Barb. 516.

Counsel for appellees argued: It is sufficient to direct the attention of the witness to the particular conversation. *Joy* v. *The State,* 14 Ind. 140.