## MEYNCKE v. THE STATE, EX REL. LINES.

68 401
140 166
68 401
144 480

BASTARDY.—*Evidence.—Witness.—Impeachment.*—A question propounded to the relatrix, upon cross-examination, in a bastardy proceeding, as to whether she had stated to C. at a certain time and place, that a person other than the defendant had had intercourse with her, but not fixing the time of the supposed intercourse at such period as would make it probable that such person was the father of the child, is not competent, as such witness could not be impeached by contradicting her statements upon matters immaterial to the issue.

SAME.—*Practice.*—In such case, a question propounded, upon cross-examination, to the relatrix, as to whether she had stated to C. at a certain time and place, that, if any thing ever happened to her, she intended to lay it on the defendant, as he had plenty of money, is proper to lay a foundation for impeachment ; and, being asked on cross-examination, the defendant was not bound to state to the court what answer he expected to get from the witness.

SAME.—*Character for Truth.*—In an impeaching question as to the character for truth and veracity of a witness in the neighborhood in which such witness lives, the word *general*, preceding *character*, is an essential requisite.

SAME.—*Moral Character.*—Under the statute, the general moral character of a witness may be given in evidence in all cases affecting his credibility. The common-law practice requires that such character must relate to the time the witness is testifying and to the neighborhood where he resides ; and the better practice in such case is to first ask the impeaching witness as to his knowledge of that character, and, second, as to whether it is good or bad.

SAME.—*Harmless Error.*—Where an objection is sustained to a question put to a witness, and another question, covering the same ground, is asked and answered, there is no available error in the ruling upon the first question.

From the Franklin Circuit Court.

*S. S. Harrell, T. H. Smith* and *J. R. McMahon,* for appellant.

*S. E. Urmston, F. Berry* and *H. Berry,* for appellee.

BIDDLE, J.—Complaint for bastardy. Verdict, guilty ; motion for new trial overruled ; motion in arrest of judg-

ment overruled; exception; judgment of affiliation; order of payments for the support of the child; appeal.

The assignments of error in this court are:

1.   Overruling the motion for a new trial; and,

2.   Overruling the motion in arrest of judgment.

At the trial, after the prosecutrix had testified, in chief, that the defendant was the father of her child, the defendant, on cross-examination, after the prosecutrix had stated that she was at Julian T. Meyncke's on the 19th day of October last, the day Katie Campbell was married, and was talking with Hannah Colescott, asked the witness the following questions:

" Did you not state to Hannah Colescott, on that occasion, that you did not know whether you were in the family way or not, and did not Hannah Colescott then tell you that, if you were, not to swear it to Jim Laferge, for he was poor; and that you must swear it to Oscar Meyncke, for he had plenty of money; and did you not then reply to her and say to her that you would?"

An objection by the State to this question was sustained, and exceptions reserved by the appellant.

The appellant then put the following question to the prosecutrix:

"Did you not state to Hannah Colescott, at Julian T. Meyncke's, about the 19th of October last, that you did not know whether you were in the family way or not, but that, if you were, you would swear it to Oscar Meyncke, for he had plenty of money?"

To this question the witness answered:

"No sir; I had no conversation with Hannah Colescott about Mr. Meyncke that day."

Perhaps, the first question stated above should have been answered; but the next question, which was answered, covers the same ground, and was put in a better form. There is no available error, therefore, in the ruling complained of.

At the trial, the following question was also propounded, upon cross-examination, to the prosecutrix:

"Did you not state to Mary Childers, on or about the 15th day of May, 1876, at Mary Childers' house, in Franklin county, Indiana, that Jim Laferge had had intercourse with you, at or near the gate of Mrs. Wright, near the Blue Creek bridge, in Franklin county, Indiana?"

To this question the State interposed an objection which was sustained. This ruling is complained of by the appellant, but we see no error in it. The question should have fixed the time of this supposed intercourse, at such period as would have made it probable that Jim Laferge was the father of the child, or it would have no importance to the case. A witness could not be impeached by contradicting her statements upon matters immaterial to the issue.

Upon cross-examination at the trial, the appellant also put the following question to the relatrix:

" Did you not state to Mary Childers, about the 1st of June last, at her house in Franklin county, Indiana, that if any thing ever did happen to you, you intended to lay it on Oscar Meyncke, for he had plenty of money?"

This question was objected to by the State. Objection sustained, and exceptions reserved.

We have no brief on behalf of the State, and do not know what view the court took of the above question; but it seems to us to be a proper question to lay a foundation for impeaching the witness. Being on cross-examination, the appellant was not bound to state to the court what answer he expected to get from the witness, for he could not know. If the witness had answered the question in the negative, or that she had no recollection of making such statement, the appellant might have contradicted her, or shown by other witnesses that she had made such statements. Act June 1st, 1861, 2 R. S. 1876, p. 137.

After the State had closed the evidence in chief, and the defendant entered upon his defence, he called William Schock, a competent witness, and, for the purpose of impeaching the character of relatrix as a witness, propounded the following question to the witness, Schock:

"State whether or not you are acquainted with the character of Margaret E. Lines, the prosecutrix in this case, in the neighborhood in which she lives, for truth and veracity?"

This question was objected to by the State, and the objection sustained. There is no error in this ruling.

The question should not have been limited to "character," but should have been extended to general character. A person of good general character may have a bad character in the opinion of a few people, and in a small locality; so a person of a bad general character may have a good character in the opinion of a few people, and in a small locality. Very few characters are so good as to be commended by all, and very few so bad as to be commended by none. The word *general*, therefore, is an essential requisite in an impeaching question of this kind. With every precaution, this method of impeaching still remains imperfect and uncertain.

The appellant, in his defence, called Sarah Keelor, a competent witness, who stated that she was acquainted with Margaret, the prosecutrix; lived close by her; had known her since she was a small child. Whereupon the defendant asked her the following question, for the purpose of impeaching her general moral character:

"Are you acquainted with the general moral character of Margaret E. Lines, the relatrix in this cause, in the neighborhood where she now lives, and, if so, is it good or bad?"

The court sustained an objection to this question, on behalf of the State, and the defendant excepted.

We can not see any objection to this question. The statute enacts that, " In all questions affecting the credibility of a witness his general moral character may be given in evidence." Sec. 242. And the common-law practice requires that such character must relate to the time the witness is testifying, and to the neighborhood where he resides. This question seems to fulfil all of these requisites. The prosecutrix can be impeached in the same manner as other witnesses in civil cases. The better practice would have been to have separated the question into two questions: First, as to the knowledge of the character; second, as to whether it is good or bad. But this was not made a ground of objection.

There are other questions in the record turning upon points similar to those above examined; for that reason they need not be stated. *The State* v. *Bradley*, 1 Blackf. 83; *Doe* v. *Reagan*, 5 Blackf. 217; *Walker* v. *The State*, 6 Blackf. 1; *Judy* v. *Johnson*, 16 Ind. 371; *Owen* v. *Rynerson*, 17 Ind. 620; *The City of Aurora* v. *Cobb*, 21 Ind. 492; *Bennett* v. *O'Byrne*, 23 Ind. 604; *The State* v. *Brown*, 44 Ind. 329; *Ex Parte Haase*, 50 Ind. 149; *Hill* v. *Gust*, 55 Ind. 45; *Rawles* v. *The State*, 56 Ind. 433; *Cunningham* v. *The State*, 65 Ind. 377.

The judgment is reversed, at the relator's costs; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.