Okey, C. J.
1. The statute requiring justices of the peace to recognize the accused to appear at the “ next term,” and the word next being omitted from the recognizance, it is insisted that the instrument is a nullity. If the condition in a recognizance be ambiguous or uncertain as to the time or place the accused is to appear, such recognizance is void. The State v. Johnson, 13 Ohio, 176. Such an infirmity cannot be cured by parol evidence. Crippen v. The State, 1 Ohio St. 399. But, while it is the duty of the magistrate in all cases to strictly pursue the statute, it is by no means indispensable to the validity of a recognizance that the language of the act should be literally followed. If the time and place of appearance be shown with reasonable certainty, the statute in those particulars is complied with, and slight omissions and inaccuracies will not, ordinarily, affect the validity of the recognizance. Moreover, persons entering into such obligations are presumed to do so with knowledge of the general statutes relating to the courts, and the orders fixing the commencement of the terms, published with the annual volumes of laws. In this view, the omission of the word next did not render the recognizance invalid, but read in the light of the aids to which I have referred, the obligation to appear at the term commencing September 4, 1876, is sufficiently certain. Kellogg v. The State, 43 Miss. 57; Mooney v. The People, 81 Ill. 134; Brite v. The State, 24 Texas, 219; The State v. Bradley, 1 Blackf. 83; Com. v. Emery, 2 Binney, 431; The State v. Wellman, 3 Ohio, 14; Williamson v. Hall, 1 Ohio St. 190; s. c., 9 Ohio St. 24; Clark v. Petty, 29 Ohio St. 452; R. v. Hodgson, Dears. 14; s. c., 7 Ex. 915; 5 Wait’s Act. & Def. 401.
There was express authority to continue the cause and the recognizance, forfeit the recognizance at the next term on failure of the accused to appear, and take judgment against him, in pursuance of the statute, on the rendition of a verdict finding the complaint to be true; and, in an action on such *610 recognizance, the record of forfeiture is conclusive. It will be seen that the defect which was fatal in Grieve v. Freytag, 31 Ohio St. 147, does not appear in this case; and it is also proper to say that the statute in force when Porter v. The State, 23 Ohio St. 320, was decided, has been in some respects changed.
2. The defense of surrender of the principal by the surety is wholly insufficient. No compliance with the statute upon that subject is shown, and the answer is evasive. "Whether the alleged surrender was before the forfeiture, or even before final judgment in the bastardy suit, is not stated, nor is it stated whether the. recognizance was canceled. The answer is not defective in form merely, but insufficient in substance. Whetstone v. Riley, 7 Ohio St. 514 (explained and qualified in Wright v. Coller, 35 Ohio St. 131), has been cited, but has no application.

Judgment affirmed.