OSCAR E. DUDLEY, Appellant, v. F. HERBERT NOWILL, Respondent.

*Slander — sufficiency of a complaint imputing the crime of rape — words actionable per se — when an innuendo is unnecessary.*

In an action of slander for imputing the commission of a crime to the plaintiff, it is unnecessary to state in the complaint the facts with the same precision as is requisite in an indictment.

A complaint in an action for slander, which alleges that the defendant, in 1896, at White Plains, N. Y., in the presence and hearing of certain persons named, maliciously spoke of and concerning the plaintiff the following false and defamatory words: "Have you not heard the scandal about Dudley ? He is the father of a child by a young girl not yet fifteen years old, not until this autumn, and you know that means sixteen years in State prison," and that the defendant "knew Mr. Dudley had been criminally intimate with a girl by the name of Mamie Boyle, a child under fifteen years of age," states a sufficient cause of action, and imputes the crime of rape in the second degree, and no allegation that the defendant intended to impute a crime to the plaintiff, or that the defamatory words were so understood, is necessary.

Where words, as spoken, can be understood to impute a crime, they are *prima facie* actionable, and no innuendo is necessary.

APPEAL by the plaintiff, Oscar E. Dudley, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 12th day of October, 1896, upon the dismissal of the complaint directed by the court after a trial at a Trial Term of the Supreme Court held in and for the county of Westchester, and also from an order granted on the 5th day of October, 1896, upon which said judgment was entered.

*William Riley*, for the appellant.

*Wilson Brown, Jr.*, and *W. Popham Platt*, for the respondent.

BRADLEY, J.:

The nature of the action is for slander, founded upon the charge, as alleged, that the defendant, in August and September, 1896, at White Plains, N. Y., in the presence and hearing of persons named, maliciously spoke of and concerning the plaintiff the following false and defamatory words: " Have you not heard the scandal about Dudley ? He is the father of a child by a young girl not yet fifteen years old, not until this autumn, and you know that means sixteen

years in State prison," and that he, the defendant, " knew Mr. Dudley had been criminally intimate with a girl by the name of Mamie Boyle, a child under fifteen years of age, and that the act occurred in a packing room in the rear of the building in which Mr. Dudley lived." The plaintiff further alleged that the said Mamie Boyle, at the time such words were spoken, was an unmarried female, and never had been married, as was known to the persons in whose presence and hearing those words were so spoken by the defendant.

The defendant by answer put in issue the matters alleged by the plaintiff, and set forth special matter as a defense. The action was moved for trial, and thereupon, on motion of the defendant, the complaint was dismissed on the ground that it failed to state facts sufficient to constitute a cause of action.

The question presented, therefore, is whether the words alleged to have been used by the defendant were actionable *per se.* For that purpose it was essential that they impute to the plaintiff the commission of crime. It is not necessary for the purposes of the action to state by way of innuendo the facts constituting the alleged crime with the precision requisite for an indictment. It is sufficient that the crime is imputed to the plaintiff in the language which may ordinarily be employed in conversation to indicate its commission, so that those who hear the words used may clearly understand that the plaintiff is charged with the commission of crime. It is not the office of an innuendo to extend the meaning or sense of words employed, but to show how they came to have a defamatory meaning and how they relate to the plaintiff when they do not clearly so appear upon the face of them alone. But when they as spoken can be understood to impute a crime, they are *prima facie* actionable and no innuendo is necessary. Those alleged in the complaint would impute a criminal act when committed in this State. The statute provides that " A person who perpetrates an act of sexual intercourse with a female, not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and punishable with imprisonment for not more than ten years." (Penal Code, § 278, as amended in 1895.) The amendment took effect September 1, 1895, and by it the specified age of the female was increased from sixteen years to eighteen years. Prior and up to that time, for eight years, such

an act perpetrated with an unmarried female under the age of
sixteen years was a crime. (Laws 1887, chap. 693; Laws 1892,
chap. 325.) In such a case no question of intent or motive is essential to the offense. The act of sexual intercourse constitutes the
crime. The words as alleged have no doubtful or uncertain import.
They were such as to convey to the understanding of bystanders the
commission of the crime of rape within the meaning of the statute.
And it is charged that they were spoken of and concerning the
plaintiff and his act. But it is suggested by the defendant's
counsel that it is not alleged that the act was committed within this
State, or that it was perpetrated since the 1st day of September,
1895. It is true that the crime is statutory, and that there is no
presumption that it exists elsewhere than in the State of New York.
But the allegation is that the defamatory words were spoken at
White Plains, in this State. They conveyed to the hearers the
imputation of the commission of a crime by the plaintiff, which was
emphasized by the statement to the effect that the act imputed to
him meant in its consequences to him sixteen years in State prison.
It is not important for the purposes of the question that the punishment for the crime of rape in the second degree was not correctly
understood or stated by the defendant. The act referred to was
treated as a crime by him in the language used, and was reasonably
so understood by those to whom it was addressed. It is not
necessary to inquire whether or not the alleged defamatory charge
may be deemed to have related to an act committed since September
1, 1895. It would have been a crime if perpetrated at any time
within about nine years prior to the alleged time of speaking the
words in question.

It is also urged that the plaintiff has not alleged that the defendant, by the words used, intended to charge the perpetration of a
criminal act by the plaintiff. For the purposes of the pleading it
must be assumed that the defendant intended to impute to the plaintiff the crime which the language used imports, and no allegation
that he did so intend, or that the defamatory words spoken by him
were so understood, is necessary to the support of the averment of a
cause of action. If what was said by the defendant on the occasion referred to was intended as a joke and was so understood by the
hearers, that is a fact to be made to appear at the trial. No such

inference arises or can arise upon the complaint for the purpose of determining its sufficiency as a pleading. There is no ambiguity in the import of the charge made against the plaintiff by the use of the alleged words. They impute to him a criminal act.

It follows that the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.