SCHNUER *v.* THE STATE.

[No. 2,577. Filed October 5, 1897.]

EVIDENCE.—*Sufficiency Of.*—The sufficiency of the evidence to sustain the verdict is a question for the trial court. *p. 228.*

SAME.—*Contradiction of Witness by Party Producing Him.*—*Criminal Law.*—*Statute Construed.*—Under the provision of section 1865, Burns' R. S. 1894 (1796, R. S. 1881), the party producing a witness in the trial of a criminal cause may contradict him where he has given testimony prejudicial to the party by whom he was introduced. *p. 229.*

Schnuer v. The State.

From the Huntington Circuit Court. *Affirmed.*

*J. B. Kenner, U. S. Lesh* and *C. K. Lucas,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, John R. Day* and *Edgar E. Kelsey,* for State.

COMSTOCK, J.—Appellant was convicted before a justice of the peace on a charge of keeping a gaming house in violation of section 2173, Burns' R. S. 1894. From the judgment of the justice of the peace the appellant appealed to the circuit court of Huntington county. In said court he was twice tried by a jury. Upon the first trial the jury failed to agree. The second trial resulted in his conviction and an assessment of a fine of $25.00.

The errors discussed (those assigned and not discussed are, under the rule, waived) arise on the motion for a new trial and are, (1) "error of law in admitting the evidence of Wesley Dennius over the objection and exception of the appellant; (2) that the verdict of the jury is contrary to the evidence, is contrary to law, and is not sustained by sufficient evidence."

The second, third and fourth causes for a new trial as above set out challenge the sufficiency of the evidence to support the verdict. We find, upon a careful examination of the record, that there was evidence to sustain the verdict.

The question here involved is fully discussed by the Supreme Court in *Deal* v. *State,* 140 Ind. 354. In that opinion, McCabe, C. J., speaking for the court, says: "By this express statutory enactment [section 667, Burns' R. S. 1894 (655, R. S. 1881)] our jurisdiction in the consideration of questions on appeal is limited to errors of law only. That excludes from our consideration on appeal errors of fact."

In chancery cases the court weighs the evidence, and makes a final disposition of the case upon the merits. *Gale* v. *Grannis,* 9 Ind. 140; *Leach* v. *Leach,* 10 Ind. 271.

The correction of errors of fact into which a court or jury may fall is exclusively with the trial judge. When the jury finds against the clear preponderance of the evidence, the verdict is not sustained by sufficient evidence within the meaning of the sixth subdivision of section 568, Burns' R. S. 1894 (559, R. S. 1881), authorizing a new trial. That constitutes an error of fact and not of law. It is the bounden duty of the trial judge to correct such error. *Cincinnati, etc., R. R. Co.* v. *Maddin,* 134 Ind. 462.

"When he overrules the motion for a new trial based on that ground, he thereby says to us that with all his superior means of determining the weight of the evidence after calmly reviewing it, he is of opinion that the preponderance thereof fully sustains the verdict or finding. In such a case the legislature has withheld from us the power to review his acts. And this power was evidently withheld for the manifest reason that the jury and trial court have so much better means and opportunities of weighing the evidence than this court can have. * * * When the trial court makes a mistake and commits an error of law against him, if it be materially prejudicial, or harmful to his rights, then he has not had his one fair trial, and it is the duty of the trial court to grant him a new trial; and if it refuse to do so, this court can, for the error of law, reverse and order a new trial. To confer the power on this court, to retry the question of fact, would be a violation of that policy, by giving each litigant a right to two fair trials instead of one. The good order and peace of society forbids the opening up of controversies that have been once tried and adjudicated in a fair trial." *Deal* v. *State, supra.*

The remaining error discussed is the "admitting the evidence of Wesley Dennius." The State claimed that one Chester Swears, a witness introduced on the part of the prosecution, had, upon the first trial, testified to material facts differing from "his present testimony." For the purpose of contradicting him the State was permitted to prove by the witness, Dennius, the statements of Swears upon the first occasion.

Section 515, Burns' R. S. 1894 (507, R. S. 1881), is as follows: "The party producing a witness shall not be allowed to impeach his credit by evidence of bad character, unless it was indispensable that the party should produce him, or in case of manifest surprise, when the party shall have this right; but he may, in all cases, contradict him by other evidence, and by showing that he has made statements different from his present testimony."

By force of section 1865, Burns' R. S. 1894 (1796, R. S. 1881), these provisions govern in criminal prosecutions, and our decisions have repeatedly enforced this statutory provision. The Supreme Court held, in *Conway* v. *State*, 118 Ind. 488, that "The only limitation is that the witness shall not be contradicted unless he has given testimony prejudicial to the party by whom he was called."

The learned counsel for appellant, in their able brief, have cited many authorities. None of them are in conflict with the proposition above set out. See, also, *Judy* v. *Johnson*, 16 Ind. 371; *Rhodes* v. *State*, 128 Ind. 189; *Hill* v. *Goode*, 18 Ind. 207.

We do not deem it necessary nor instructive to set out the testimony of the witness Swears upon the two occasions on which he testified. It was clearly prejudicial to the State.

We find no error. Judgment affirmed.

WILEY and ROBINSON, JJ., absent.