BALDWIN v. GENUNG et al.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

1. LIBEL—JUSTIFICATION—PLEA—SUFFICIENCY.

A plea of justification in a libel case is demurrable if the justification pleaded is not broad enough to fully justify any single libelous charge.

2. SAME—COMPLAINT—SUFFICIENCY.

Defendant's intent in publishing a libel may be stated in the complaint as affecting the question of exemplary damages.

Appeal from trial term, Tioga county.

Action for libel by Hugh J. Baldwin against George D. Genung and another. From a judgment overruling a demurrer to the answer, the plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Frederick Hawkes, for appellant.

Frank A. Bell (H. A. Clark, of counsel), for respondents.

SMITH, J. The plaintiff asks damages for the publication in defendants' newspaper of certain articles claimed to be libelous. The answer, in the second paragraph, seeks to justify the charges made. A demurrer thereto has been overruled, and from the judgment entered upon the order overruling the same this appeal is taken.

The plaintiff was a candidate for the office of president of the village of Waverly. He had been theretofore for two terms the president of the village. The defendants, in their paper, were opposing his election, and the articles complained of contained matter in which were direct and implied charges against the character and the official conduct of the plaintiff while theretofore in office. Without setting forth at length the numerous articles of the publication of which complaint is made, or the extended answer, claimed to be in justification, our conclusion generally is that in no instance is the justification sought to be pleaded as broad as the charge made. We agree with the respondents' contention that the justification of a single charge is sufficient to sustain the answer against this demurrer. But we are unable to find a single independent libelous charge complained of in the complaint which is fully justified in the answer. The respondents seek the protection of the rule that a demurrer searches the record for the first defective pleading, and claim the complaint to be defective. We are satisfied, however, that the complaint sufficiently states a cause of action. Proper matter is stated in inducement, and the charges are such as to need no innuendo; and the statement of the intent of the defendants in making the publication, if available for no other purpose, is competent upon the question of exemplary damages. We think, therefore, the judgment should be reversed, and the demurrer sustained, with costs, with leave, however, to the defendants to amend upon payment of costs in this court and the court below. All concur.