(39 Misc. Rep. 11.)

### CHRISTIANSON v. O'NEIL.

(Supreme Court, Special Term, New York County. October, 1902.)

1. SLANDER—DEFENSES.

In an action for slander, the complaint alleged that defendant charged that plaintiff, his tenant, stole a gas radiator from the leased premises. Defendant answered that plaintiff wrongfully removed therefrom a gas chandelier. *Held*, that the demurrer to the answer was properly sustained.

2. SAME.

A charge that the person is a "skin" is not justified by the fact that he is in arrears for rent.

Action by Alfred T. Christianson against Henry O'Neil. Demurrer to defense sustained.

Joseph Rosenzweig, for plaintiff.
George M. Baker, for defendant.

KEENER, J. The plaintiff sues to recover damages for slander. The words constituting the alleged slander are:

"I want that gas radiator returned to me at once, and, if you don't, I will have you arrested and behind the bars before sundown. The radiator belongs to me, and you stole it from my place. You are a thief and a skin."

As a defense in justification, the answer alleges that the plaintiff, some time prior to the date of the alleged slander, had been a tenant of a loft belonging to the defendant; that when the plaintiff vacated the loft he "wrongfully removed and took away from said premises a gas chandelier, * * * the property of the defendant"; and that he did this "without the knowledge or consent of the defendant." The defense also states that the plaintiff owed the defendant $100 arrears of rent. To this defense the plaintiff has demurred.

Adopting the defendant's view of the case, the complaint sets forth three charges, as follows: (1) "You stole my gas radiator from my place;" (2) "You are a thief;" and (3) "You are a skin." The charge of stealing a radiator is not met by the defense in justification, which alleges the taking of a chandelier. The justification must concern the same subject-matter as the charge. Palmer **v.**

Haight, 2 Barb. 210; Stiles v. Comstock, 9 How. Prac. 48. Furthermore, neither the first nor the second charge is met by a defense that sets forth nothing beyond a "wrongful taking." The charge was larceny. The language of the attempted justification therefore fails to comply with the rule requiring such a defense to be couched in precise and unmistakable language. Snyder v. Andrews, 6 Barb. 43, 56; Orvis v. Dana, 1 Abb. N. C. 268, 286. Even in the interpretation of the defense most favorable to the defendant, namely, that it at least states facts sufficient to make the plaintiff liable for damages for a conversion, the justification is not broad enough. If the plaintiff be charged with stealing, the allegation of a merely tortious taking, as distinguished from a taking with criminal intent, is no justification. Fero v. Ruscoe, 4 N. Y. 162; Shepard v. Merrill, 13 Johns. 475. As to the third charge, it needs no argument to show that to charge a man with being a "skin" is not met by a defense in justification that he owes the defendant money under the terms of a contract.

Inasmuch as we consider the defense worthless as a justification of any of the charges, it becomes unnecessary to make extensive comment on the cases cited by the defendant. One case, referred to by him in support of the contention that the justification need not be set out with the same particularity as is required in an indictment, does not refer to a plea in justification at all, but to the words constituting the alleged slander. Dudley v. Nowill, 11 App. Div. 203, 204, 42 N. Y. Supp. 681. Of the other cases cited by the defendant in support of the argument that the justification of any one charge will make the defense sufficient, nearly all are instances of answers in which at least one charge was well justified; but the present situation resembles that in another case cited by him, in which the court said, in sustaining a demurrer to a defense, "But we are unable to find a single independent libelous charge complained of in the complaint which is fully justified in the answer." Baldwin v. Genung, 70 App. Div. 271, 272, 74 N. Y. Supp. 835. The demurrer is therefore sustained, with costs to abide the event of the trial of the issue of fact. Settle decision and judgment on notice.

Demurrer sustained, with costs to abide event of trial of issue of fact.