Chief Justice Robertson
delivered the Opinion of the Court.
A statute of 1833,(1 Statute Law, 497,) provides that there shall be three terms of the Jefferson Circuit Court “f°r the trial of common law causes;” two terms “for the trial of chancery causes;” five terms “for the trial of pleas of the commonwealth;” and that during any one 0f the common law terms, “motions to dissolve in- . . , . . , , , , . . junctions and restraining orders may be made and tried, an¿ ap orders and steps taken for the preparation of r r r chancery causes for hearing.”
*225 At the March common law term, 1833, first succeeding the foregoing enactment, Samuel Young was recognized to appear “in said court, on the first day of the ensuing April criminal term,” to answer an indictment for felony. At the next June term, the recognizance was estreated, because Young had not appeared at that term.
The Court below having overruled a demurrer to a sdre facias on that recognizance, and thereupon rendered judgment against the sureties, this writ of error is brought to reverse that judgment.
Considering the tenor and presumed object of the statute for regulating the terms of the Jefferson Circuit Court, and for allotting to each an appropriate class of cases, and more especially regarding, in its only proper light, the special proviso as to the dissolution of injunctions and orders for the preparation of chancery causes at the common law terms, it might be said the Legislature intended, that there should be no trial of a criminal case at any other than a criminal term. But however this may be, we perceive no sufficient reason why the circuit judge might not, either in court or out of court, during even a common law term, recognize a party to appear for “fmZ” at a term of the criminal court.
But there was no such term as that to which Young was recognized to appear; the next term of the criminal court succeeding the date of the recognizance, was in May, and not April, and the statute shows that the June term was a common law, and not a criminal, term. And surely non-appearance at the June term of the common law court, was not a breach of the undertaking to appear at the April term of the criminal court.
We are, therefore, of the opinion that there was no legal ground for a judgment on the scire facias; and that consequently the Circuit Court erred in overruling the demurrer.
Wherefore, the judgment of the Circuit Court is reversed, and the cause remanded with instructions to sustain the demurrer.