# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1854.

---

### T. MIDDLETON v. THE STATE.

Where a *scire facias* was returned "Executed, by summoning Thomas Middleton to be at the District Court in Austin county, at its Fall Term, 1852" and judgment went by default, it was held that the return was defective ; and the judgment was reversed.

Where the return did not show that a copy of the writ had been delivered to the defendant, and the assignment of error was, that no copy of the writ was served upon or shown to him, it was held that the assignment was sufficient.

Error from Austin. An interlocutory judgment was entered against the plaintiff in error, for his failure to attend, as a witness ; and a *scire facias* was issued to notify him to show cause why the judgment should not be made final. The writ was returned by the Sheriff "Executed, by summoning Thomas "Middleton to be at the District Court in Austin county, at "its Fall Term, 1852." The defendant in the *scire facias* failing to appear, judgment by default final was rendered against him. The defendant brought a writ of error, and assigned

as error—That no copy of the *scire facias* was served upon or shown to him, and that he had no notice of the pendency of the suit.

*N. Holland*, for plaintiff in error.

*Attorney General*, for defendant in error.

WHEELER, J. The ground on which a reversal of the judgment is sought, is, that the defendant was not legally served with process.

The law prescribes that, when not otherwise directed, service of the writ shall be by delivering to the party a copy; and it is made the duty of the officer, in his return, to state the manner in which he executed the process. (Hart. Dig. Art. 679, 2894.) It is evident that the law has not been complied with, in the present case. The return does not show service of process on the defendant, in the manner prescribed; without which, the judgment by default could not legally be rendered. (4 Tex. R. 307; 7 Id. 483.)

It is objected on the part of the appellee, that the assignment of errors brings in question only the fact of service, not the sufficiency of the return. But, to determine the question of service, we necessarily look to the return; and it is only to the return that we can look to ascertain the fact. The assignment of errors brings in question the sufficiency of the evidence, afforded by the return, to establish the fact of service; that is, of course, of legal service. The sufficiency of the return, therefore, necessarily becomes the subject of revision. To authorize a judgment by default, it must appear by the return that the process was legally served upon the defendant. And because it does not so appear, in the present case, the judgment must be reversed and the cause remanded for further proceedings.

Reversed and remanded.