JOHN M. BRITE AND OTHERS V. THE STATE.

A recognisance, which binds a party to appear before a court, on a day on which it could not lawfully be in session, is void, if there be nothing in the recognisance itself, by which the error, as to the time, is pointed out and corrected, and the party is sufficiently informed, when and where he is required to appear.

A defect in a recognisance cannot be supplied by parol. It can only be aided by such intendments as the court can reasonably make, from its judicial knowledge of facts.

If the recognisance inform the party, with sufficient certainty, when and where he is required to appear, other erroneous and contradictory words in it, may be rejected as surplusage.

Where the recognisance binds the party to appear at the next term of the court, it is valid; although the court cannot lawfully be in session at the time stated in the recognisance.

Where the recognisance binds a party to appear from term to term, if it state incorrectly the time when the first term of the court will be holden, this, it seems, will not excuse the party from a failure to appear at the succeeding term.

APPEAL from Hays. Tried below before the Hon. Thomas H. Duval.

This was a proceeding by *scire facias*, on a judgment *nisi*, for $5000, on a forfeited recognisance. The facts are stated in the opinion.

*Haralson, Flournoy & Robards* and *John A. & R. Green,* for the appellants.

*Attorney-General,* for the appellee.

BELL, J.—The appellant, John M. Brite, was indicted in the District Court for Travis county, at the Spring Term, 1853, upon a charge of murder. He was required to enter into recognisance at that term of the court, for his appearance from day to day of that term, and at subsequent terms. He was afterwards tried in the District Court for Travis county, was found guilty of man-

slaughter, by the jury, and a new trial was awarded him, by the court.

On the 24th day of September, 1853, the District Court for Travis county, made an order, changing the venue of the cause, from Travis county, to the county of Hays; and on the same day, the said John M. Brite, as principal, and Henry Brite, Joseph Duty, and John Hamilton, as his sureties, entered into recognisance conditioned as follows : " that the said John M. Brite, shall be and personally appear at the next term of the Honorable District Court of the county of Hays, to be begun and holden for said county of Hays, at the court-house thereof, in the town of San Marcos, on the fifth Monday after the first Monday in September, 1853, it being the 13th day of October next, 1853 ; then and there to remain, from day to day, and from term to term of said court, then and there to answer an indictment preferred against him, by the grand jurors of Travis county, at the Spring Term, 1853, of said District Court of Travis county, for murder ; and that the said John M. Brite, do not depart said court without leave."

At the Fall Term, 1853, of the District Court for Hays county, the said John M. Brite, did not make his personal appearance, being prevented from attending the court by severe illness, as was shown to the court.   At the Spring Term, 1854, Brite again failed to appear before the District Court for Hays county.  The court thereupon, entered a judgment *nisi*, forfeiting his recognisance, and *scire facias* was issued to said Brite and his sureties, commanding them to appear at the next term of the court, and show cause, if they could, why the judgment of forfeiture, should not be made final against them.

The suit upon the recognisance was regularly continued until the Spring Term, 1856, when Brite and his securities appeared by their attorneys, and the cause went to trial, upon demurrer and special exception of the defendants.  The ground of the demurrer, was the alleged insufficiency of the *scire facias*.  The special exception alleged, that the recognisance upon which judgment final was sought against the defendants, was not au-

thorized by law, because said recognisance was taken to compel the attendance of the principal recognisor, at the town of San Marcos, in Hays county, at a time not authorized by law. The court overruled the demurrer, and rendered judgment final, forfeiting the recognisance.

It will be observed, that the recognisance binds John M. Brite, to appear before the next term of the District Court, for Hays county, to be holden on the fifth Monday after the first Monday in September, it being the 13th day of October, 1853. The fact was, that the court was fixed by law, to be holden on the fourth Monday after the first Monday in September, which Monday, was the 3d day of October. The fifth Monday after the first Monday in September, was the 10th day of October, and not the 13th, as recited in the recognisance.

We are of opinion, that the court below did not err in overruling the demurrer. It is true, that when a recognisance binds a party, to appear before a court, on a day on which no court is in session, or can lawfully be in session, the recognisance is void; but this is so, only where there is a mistake or error in the statement of the time of the session of the court, before which the party is bound to appear; and when there is nothing in the recognisance itself, by which the mistake or error is corrected, and by which the party bound by the recognisance, is sufficiently informed before what court, and at what time, he is required to make his appearance.

The cases reported in 14 Vermont, 64; 3 Dana, 225; 1 Sergeant & Rawle, 328; 12 Smedes & Marshall, 470; and many other cases to be found in the books, are cases where the recognisance bound the party to appear on a certain day, or at a certain term; and where, in point of fact, there was no court in session, on the day named in the recognisance, or no such term as the term named in the recognisance; and where the recognisance contained nothing which could correct the mistake, or dispel the uncertainty.

Thus, in the case of The Commonwealth v. Bolton, 1 Sergeant & Rawle, 328, Bolton entered into recognisance condi-

tioned for his appearance on the 19th day of April next ensu-
ing the date of the recognisance, at the Supreme Court of Penn-
sylvania, for the Eastern District. No such Supreme Court
was held at that time, and the recognisance was declared to be
void. But one of the judges said, that if the recognisance
had been, that the party should appear at the next Supreme
Court, to be held for the Eastern District, or at the next Court
of Nisi Prius, to be held for the city and county of Philadel-
phia, to answer, &c., he would have felt at liberty to supply
such words, as would make the recognisance formal and complete.

The case in 14 Vermont, 64, was a case where one Brigham
entered into recognisance, to appear before Chittenden County
Court, at its term "to be holden on the last Tuesday, save one,
in 1840." The day of the sitting of the court was the last Tues-
day, save one, in August, 1840. The court held the recogni-
sance to be insufficient. The judge who delivered the opinion
of the court, said: "A recognisance is a debt of record; it can
exist only of record; it must be proved by the record. The
record cannot be contradicted, nor varied, nor its defects sup-
plied by any parol averments, merely. It must stand or fall by
itself, with the aid of such intendments as the court can reasona-
bly make. In the present case, if the bail had bound themselves
to surrender the principal, at the next County Court, although a
wrong day for its session had been inserted, possibly that might
have been rejected, as surplusage; and the court, by the help
of the word *next*, and its judicial knowledge of the time of hold-
ing the terms of the court, which are fixed by general laws, might
have supplied the defect."

We are of opinion, that the true rule on the subject under con-
sideration, is suggested by the language just quoted. If a recogni-
sance is defective, its defects cannot be supplied by parol, but
only by such intendments as the court can reasonably make, by
the help of its judicial knowledge of facts. But where the re-
cognisance contains words of certainty, which sufficiently inform
the party where and when he is required to appear, other erro-
neous or contradictory words used in the recognisance may be

rejected as surplusage. If, for instance, in the present case, the party had entered into recognisance, to appear at the next term of the District Court for Hays county, to be holden on the fourth Monday after the first Monday in September, the same being the 10th day of December, the latter words would have been plainly erroneous. But the party, in such case, could not be heard to say, that the recognisance was void. There would be two truthful recitals in the recognisance, and one false one. It would inform the party, that he was required to make his appearance at the next term of the District Court for Hays county, and that the next term would be holden on the fourth Monday after the first Monday in September; and the party could not treat the recognisance as a nullity, because it further stated, that the fourth Monday after the first Monday in September, was the 10th day of December.

But there is another fact, not to be overlooked in the present case, and that is, that the recognisance was not forfeited for his failure to appear at the Fall Term, 1853, of the District Court for Hays county, but for his failure to appear at the Spring Term, 1854. The principal recognisor treated the recognisance as binding upon him, because he was prepared with proof that he was prevented from attending the Fall Term, 1853, of the court, by illness. The decisions of the courts upon the force and effect of recognisances, have proceeded very much upon the meaning of the particular language employed in the particular case. (See the case of The People v. Green, 5 Hill, 647.) The recognisance, in the case before us, binds the party to appear at the next term, and from term to term, and not to depart the court without leave. We think the recognisance bound him to appear at the Spring Term, 1854, of the District Court for Hays county, and that his failure then to appear, was a breach of his obligation, and that of his sureties. The judgment of the court below is therefore affirmed.

Judgment affirmed.