J. E. ADAMS v. W. H. HICKS.

1. AMBIGUITY—EVIDENCE.—A., being post trader at a post of the United States army, entered into a written contract with H., by the terms of which H. was to furnish all the means necessary to purchase

merchandise for the supply of the post, to conduct the business, and receive all the profits; in consideration of which he was to pay to A. the sum of three hundred dollars per month.   A. was afterwards removed from the position of post trader and H. appointed.   The following clause occurred in the contract : "It is further agreed that, in the event of the removal of Fort Griffin to some other point, and provided the party of the first part (A.) retains the appointment of post trader, then the party of the second part (H.) is to conduct the business as heretofore stipulated.   This article is to remain in force for the period of one year, beginning June, (1st,) 1872 :" *Held*, that there was no latent ambiguity in said clause of the contract; and parol evidence was not admissible to prove an agreement between the parties that the contract should continue in force one year in any event, and notwithstanding the removal of A.

2. In suit upon a written contract, the plaintiff will not be allowed to introduce evidence to show a state of facts at variance with the contract, on the ground of ambiguity in its terms, unless the defendant has been advised of the same by appropriate averments in the petition.

APPEAL from Palo Pinto.   Tried below before the Hon. Charles Soward.

*J. L. L. McCall*, for appellant.

*Thomas Ball*, for appellee, cited 1 Greenl. Ev., 8th ed., §§ 277, 292, 298; 1 Story on Cont., 4th ed., secs. 480, 481; 2 Story on Cont., secs. 661, 662, 669, 671, 677.

*Hancock, West & North*, also for appellee, cited in support of their position that no ambiguity in a written contract sued on could be proved, unless the same was alleged in the pleading, and the meaning of the ambiguous clause stated.   (Paul *v.* Perez, 7 Tex., 345; Burnett *v.* Henderson, 21 Tex., 590.)

They also contended that the appellee could not be held to the burdens of the contract when, from any cause, its benefits had ceased, citing 2 Pars. on Cont., 187, *et seq.*, 184; Smith's Man. of Com. Law, 76.

DEVINE, ASSOCIATE JUSTICE.—J. E. Adams, the appel-

lant, brought this suit against W. H. Hicks, appellee, for the sum of one thousand six hundred and eighty dollars, which he asserted was due him on a contract entered into between them on the first day of June, 1872, the stipulation of the contract being that plaintiff, as "post trader at Fort Griffin," was to permit defendant to receive all the profits of the concern, save three hundred dollars per month, which plaintiff was to receive; that defendant was to be at all the expense, and furnish, individually, all the stock and capital requisite to carry on the business; be responsible for the same, and have the entire control and management of the business. Plaintiff (being post trader) was to be responsible to the military authorities for the proper management of the business of post trader. The contract further stipulated that, "in the event of the removal of Fort Griffin to some other point, and provided the party of the first part (plaintiff) retains the appointment of trader, then the party of the second part (defendant) is to conduct the business as heretofore stipulated. This article is to remain in force the period of one year, beginning June 1, 1872."

The defendant, among other defenses, averred that the contract or partnership between himself and plaintiff terminated on the 12th of December, 1872, by reason of plaintiff's appointment being revoked by "the Secretary of War of the United States," and the appointment of defendant as post trader at Fort Griffin, and that in March, 1873, there was a final settlement between plaintiff and himself.

There was a verdict and judgment in favor of defendant, plaintiff's motion for a new trial being overruled. The cause is before us by appeal, and the question presented for consideration in the assignment of error (which embraces in substance the bill of exception taken by plaintiff) is, Was there error in the refusal of the court to permit plaintiff to testify to an alleged ambiguity in the contract of partnership? That portion of the contract embraced in the bill of exceptions is as follows: "It is further agreed,

that in the event of the removal of Fort Griffin to some other point, and provided the party of the first part retains the appointment of trader, then the party of the second part is to conduct the business as heretofore stipulated;" the plaintiff stating that "the parol evidence being to the effect that the agreement was to continue and be of effect for twelve months in any event, and to explain the alleged ambiguity of the above-named portion of said agreement, as to what was the real intention and meaning of the parties."

We believe there was no latent ambiguity in the portion of the contract referred to in plaintiff's exceptions. The contract is not drawn as clearly as might have been done. The intention of the parties is, however, plain. The chief consideration, in fact, the sole inducement beyond the personal services of plaintiff, was the use of his name as post trader. Whenever he failed to hold, or lost that position, his ability to furnish the contemplated aid or benefit to the concern failed, and terminated the contract. The defendant furnished the capital, credit, and power to purchase, manage, and entirely control the business. The contingency of the removal of the post at Fort Griffin was not to affect the partnership, provided appellant continued to hold his position as post trader. The partnership was to continue twelve months. Appellant having lost his position as post trader on the 12th of December, 1872, the contract or partnership was terminated between them. The fact of appellee's being appointed, does not change the legal aspect of the case. No charge is made that appellee caused the removal of appellant, or that any deceit or misrepresentation was used by appellee to obtain it; neither was there even the attempt made to prove it.

It certainly was not intended, in the event of appellant's death, that the contract of partnership should continue for twelve months for the benefit of his heirs, when his interest in that which caused the partnership to spring into

existence and kept it alive had entirely ceased, and particularly so when, under the rules prevailing, appellee could only carry on that business as post trader, or the representative of one.   If the plaintiff intended, however, to show a state of affairs entirely different from the contract sued on, he should have set forth the same by appropriate averments, sufficiently broad and clear, to inform the defendant that matter not contained in the contract of partnership would be relied on in support of his claim on the trial of the cause; and without such averments in his petition, the objections to his introduction of it in evidence was properly sustained.   Mims *v.* Mitchell, 1 Tex., 446; Carter & Hunt *v.* Wallace, 2 Tex., 206; Paul *v.* Perez, 7 Tex., 345, and repeated decisions are in harmony with the principle that the allegations must be sufficient to admit the proof. Nothing of this character appears in plaintiff's pleadings. Beyond the statements that, in fraud of petitioner's rights, and in violation of said agreement, the defendant, on the 12th of December, 1872, refused longer to recognize said agreement as binding upon him, and discharged petitioner from his employment, the pleadings fail to charge any wrongful act or omission on the part of defendant.   The contract standing alone, and as the ground of action for plaintiff, and there being no latent ambiguity in it—if there is any uncertainty on the face of the instrument that would authorize it to be classed as a latent ambiguity—evidence is not admissible to explain it.   (1 Greenl. Ev., §§ 297, 298, 299, 300.)

The contract having been reduced to writing, "it is held that parol testimony shall not be received to *add* to a written agreement even a term or stipulation which the parties, before or at the time the bargain was reduced into writing, orally agreed should be a part of the written instrument." (Chit. on Cont., 105.)   The answer of defendant avers, and the statement of facts shows, that on the 1st of March, 1873, nearly three months after the alleged violation of

the contract and discharge of plaintiff by defendant, plaintiff received from defendant fifteen hundred and thirty-two. $\frac{25}{100}$ dollars, ($1,532$\frac{25}{100}$,) which purports to be, in the receipt given by plaintiff, a settlement in full to date.

We find no error in the ruling or charge of the court. There was no error in the verdict of the jury.

The judgment of the court is affirmed.

AFFIRMED.