## R. W. THOMAS ET AL. vs. THE STATE.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Judgment Nisi—Void Bail Bond.*—Where the judgment *nisi* upon a forfeited bail bond fails to state that "the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear," it is fatally defective.

A bond requiring a defendant to appear at a date unauthorized by law is void if there is nothing in the bond by which the error as to time is pointed out and corrected.

Appeal from Tom Green county—Opinion by Willson, J.—This is an appeal from a judgment final upon a forfeited bail bond. The judgment *nisi* fails to state that "the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear." It has been settled by this court that the omission of the above quoted words from the judgment *nisi* renders it fatally defective. (Collins vs. The State, decided at present term.)

This error necessitates the reversal of the judgment; but the appellants contend further, that the proceeding against them should be dismissed, because the bail bond is void.

The bond binds the defendant Thomas to appear before the District Court of Tom Green county, State of Texas, at its term to be held at Ben Ficklin, said Tom Green county, on the ninth day of May, A. D. 1881. There was no law authorizing a term of the district court for that county to be held on that day. The time fixed by law for holding said court was on the tenth Monday after the first Monday in March, which was the sixteenth day of May, 1881. There is nothing in the bond by which this error as to time is pointed out and corrected.

Under the authority of the case of Brite et al. vs. The State, 24 Texas, 219, we hold that the bond was void.

Reversed and dismissed.