in some other manner the oath was left incomplete, would not, if cured in time, deprive the claimant of the right to have his title to the property tried. The amendment of the affidavit was proper. (Sims v. Redding, 20 Texas, 388; Arnold v. Kreissler, 22 Texas, 581.) Nor are we prepared to say, under the facts that the filing of the oath as of date, January 28, 1882, instead, of December 16, 1881, though undoubtedly informal. was such an irregularity or error as would vitiate the proceedings. It has been held that where the claimant executed his bond to the wrong person, he may be permitted to file a new bond. (Parker v. Portis, 14 Texas, 170.) After the amendment was allo ·.', as was done in this case, instead of dismissing the suit, the court should have tried the case and disposed of the matters raised by the issue tendered. (Sweeney v. Jarvis, 6 Texas, 38 ; Wright v. Henderson, 10 Texas, 204.) The case of Carter v. Carter, 36 Texas, 693, does not lay down any different rule. It is simply there held, as has been frequently done since, (Pool v. Sanford, 52 Texas, 621 ; Rodrigues v. Trevino, 54 Texas, 198, and other cases), that in ordinary attachment suits, third persons claiming only an interest in the property attached, and not in the subject matter of the suit, cannot intervene in the main action for the purpose of asserting their rights to the attached property. The proper course, as a general rule, if they desire to set up their right to the property, is to fill a claimant's bond, as was done in this case, or pursue the sheriff in an action of trespass, as was done in Weaver v. Ashcroft, 50 Texas, 427.

The judgment is reversed and the cause remanded.

## JAMES THOMAS ET AL. v. THE STATE.

### COURT OF APPEALS, GALVESTON TERM, 1883.

*Bail Bond—Judgment Nisi.*—A judgment *nisi* on a forfeited bail bond is sufficient when it states how and where the defendant shall be cited to appear and show cause why the same should not be made final, and where it is expressly declared in the said judgment that the same will be made final unless good cause be shown why the defendant did not appear and answer the said charge of theft of a gelding.

*Same.*---Under the ruling in Ishmael v. The State, 41 Texas, 241, a bail bond in which the principal and sureties are jointly and severally bound in a specific sum, will not, when forfeited, authorize a judgment for the full amount of the bond against each of the parties bound.

*Same—Unauthorized Term.*—A bail bond which obligates a defendant to appear at a term of the court not authorized by law is void.

Appeal from Dewitt county.    Opinion by White, J.

1.    Instead of the judgment *nisi* failing to recite that which is made by statute requisite to its sufficiency, as was the case in Collins v. State and Thomas v. State, 12 Court Appeals, pp. 356 and 417, it does in fact recite that which is required, and a great deal more which can and may be treated as harmless surplusage. After stating how and where defendant shall be cited to appear, and show cause why the judgment *nisi* should not be made final it is expressly declared in the said judgment *"that the same will be made final unless good cause be shown why the said James Thomas did not appear* and answer said charge of theft of a gelding as he was bound to do." This portion indicated by italics is a full, substantial and almost literal compliance with the language used in the statute.    (C. C. P., Art. 441.)

2.    Another objection urged to the judgment *nisi*, and also the final judgment is that the forfeiture is for the full amount of the bond against each of the parties bound. This objection is good under the ruling of our supreme court in Ishmael v. The State, 41 Texas, 241, wherein it was held that "a bail bond in which the principal and sureties are jointly and severally bound in a specific sum will not, when forfeited, authorize a judgment for the full amount of the bond against each of the parties bound." But in so far as this error is concerned, a reversal of the judgment would not necessarily follow, but this court, acting under the authority of the statute, Art. 869, C. C. P., might and would have reformed and corrected the judgment in this particular.

There is, however, a matter apparent of record and fundamental in character, which is fatal to the validity of the judgment in this case.    In the appearance bond, which was the basis of the whole proceeding, the obligors bound

themselves that James Thomas, the principal, should "be and appear before the next term of the district court to be held in and for the county of Dewitt, at the courthouse thereof, in the city of Cuero, on the 17th day of February, A. D. 1880," etc.

3. Now under the statute which was in force at the date of the execution of the bond, the terms for the holding of the district court in Dewitt county were fixed "on the first Tuesdays in March and September, and might continue in session three weeks." (Acts 1879, General Laws, Regular Session, 16th Legislature, pp. 96-7.) There was no law authorizing the holding of a term of the district court for Dewitt county on the 17th day of February, 1880. A bail bond which obligates a defendant to appear at a term of the court not authorized by law is void. (Thomas v. State, 12 Texas, Ct. App., 417; Brite v. State, 24 Texas Reports., 219.)

The bond being void no legal proceedings could be maintained or judgment rendered upon it. Wherefore the judgment is reversed and prosecution dismissed. Reversed and dismissed.

## TEXAS MEXICAN RAILWAY v. E. B. WHITMORE.

### SUPREME COURT, GALVESTON TERM, 1883.

*Railroad—Master and Servant—Negligence.* Employes are presumed to take the natural risks incident to their employment, but are not presumed to take such risks as result from the master's negligence.

*Same—Agent.*—In the nature of things a corporation can only act through its officers and agents, and when a superintending agency, carrying with it the power to select, employ and discharge employes, is entrusted to an agent, his act, knowledge and negligence should be deemed that of the corporation, in reference to all matters, in regard to which the corporation has given to such agent the power to do those things which the corporation is bound to do for the protection of employes.

Appeal from Webb county. Opinion by Stayton, J.

An examination of the several matters assigned as error, in detail, in this opinion, will not be attempted.

The assignments are very general in their character, but have all been considered, and we are of the opinion that