[No. 2563.]

M. FULTON AND ANOTHER v. THE STATE.

1. SERVICE OF CITATION.—On process of citation for two defendants the sheriff made return that, on a day specified, he executed it by delivering to them "in persons a true copy of this citation." This return is invalid, because it imports that the two defendants were jointly served with a single copy, instead of a copy being served on each of them, as the law requires.
2. BAIL BOND.—When the liability of each surety on a bail bond is for its full penalty, the fact that they are bound "jointly and severally" does not make the bond more onerous than if their obligation was several only, and therefore does not impair the validity of the bond. To such a bond the ruling in *Thomas* v. *The State*, 13 Texas Court of Appeals, 496, does not apply, inasmuch as the sureties in that case limited their respective liabilities to fractions of the entire penalty.

3. JUDGMENT NISI, to be valid, must state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear.

ERROR from the District Court of Denton.   Tried below before the Hon. C. C. Potter.

Appellants were the sureties on the bail bond of one George Renwick.   The penalty of the bond was one thousand dollars, in which sum the makers bound themselves "jointly and severally."   Judgment final was rendered against them by default. The opinion of this court discloses the grounds on which the appellants ask a reversal of the judgment.

*J. A. Carroll* and *M. Fulton,* for the plaintiffs in error.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   This writ of error is prosecuted from a judgment by default rendered upon a forfeited bail bond.   It is objected that the return of the sheriff of service of citation upon the defendants is insufficient to authorize the judgment.   It reads as follows: "Executed on the fourteenth day of July, at three p. m., 1881, by delivering to Marshall Fulton and R. S. Ross, in persons, a true copy of this citation."   In proceedings upon a forfeited bail bond or recognizance, the sureties are entitled to notice by service of citation for the length of time and in the manner required in a civil action.   (Code Crim. Proc., Art. 444; *Middleton* v. *The State,* 11 Texas, 255; *Winans* v. *The State,* 25 Texas Supp., 175.)   In civil actions it is required that each defendant shall be served with citation by delivering to him in person a true copy of the citation (Rev. Stats., Art. 1219); and the return of the officer must show the manner of service, and that it was in compliance with law.   (Rev. Stats., Art. 1225.)

In this case the return of the officer is insufficient.   It fails to show that a copy of the citation was served upon *each* of the defendants, but on the contrary shows that the defendants were jointly served with a copy.   (*King* v. *Goodson,* 42 Texas, 152; *Covington* v. *Burleson,* 28 Texas, 370; *Vaughan* v. *The State,* 29 Texas, 273.)

It is insisted that because the sureties are "jointly and severally" bound in the bond, the bond is more onerous than is re-

C

quired by law, and cannot therefore be enforced. Where, as in this case, each surety is bound in the full amount of the bond, we cannot perceive that the bond is more onerous than one binding them severally. Its legal effect, and the extent of their liability under it, it seems to us, are the same as in the case of a several bond. Each surety, in either case, is bound for the full amount of the bond, no more and no less, and the judgment would be rendered against each surety accordingly; that is, that the State of Texas recover of them the amount of money in which they are respectively bound, which in this case is the full penalty of the bond. (Code Crim. Proc., Art. 441.)

Where sureties are bound in different sums, then, of course, the judgment would be against them for the sums in which they had respectively bound themselves. In such case they would not be jointly liable for the full amount of the bond, but only liable severally in the amounts they had respectively bound themselves; and a judgment against them for any more would not be authorized by the law, notwithstanding the bond might in its terms be joint and several. Such a bond, where the sureties are obligated in different amounts, but where the obligation of the bond is joint and several, would perhaps be held to be a void bond, because more onerous than the one required by law. (*Ishmael* v. *The State*, 41 Texas, 554; *Barringer* v. *The State*, 27 Texas, 554.)

But such is not the bond before us, for in this bond the sureties are bound in the same amount, which is the full amount of the bond, and their liability for that amount is several. In *Thomas et al.* v. *The State*, decided by this court at its last Galveston term (13 Texas Ct. App., 496), it was said, upon the authority of *Ishmael* v. *The State*, 41 Texas, 241, that a bail bond in which the principal and sureties are jointly and severally bound in a specific sum will not, when forfeited, authorize a judgment for the full amount of the bond against each of the parties bound. This is undoubtedly correct when applied to a bond in which the sureties have limited their liabilities to a sum less than that of the penalty of the bond; but where, as in this case, the liability of each surety is for the full penalty of the bond, the rule stated in the Thomas case would not apply, and would conflict with the statute. (Code Crim. Proc., Art. 441.) We think the bond in this case is a valid one, and that the sureties are severally bound for the full amount thereof.

There is a fatal defect in the judgment *nisi*. It does not state

that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear. (Code Crim. Proc., Art. 441.)   Under repeated decisions of this court this is an error which must reverse the judgment final from which this appeal is taken.   (*Collins* v. *The State,* 12 Texas Ct. App., 356; *Barton* v. *The State,* Id., 613.)

*Reversed and remanded.*

Opinion delivered April 11, 1883.