

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROY G. CLARKE, | § | No. 08-23-00310-CV |
| Appellant, | | |
| | § | Appeal from the |
| v. | | |
| | § | County Court at Law No. 3 |
| THE FROST NATIONAL BANK, | | |
| | § | of Bexar County, Texas |
| Appellee. | | |
| | § | (TC# 318797) |

**MEMORANDUM OPINION**[1, 2]

Appellant Roy G. Clarke appeals from the trial court's order granting Appellee The Frost National Bank's motion to revive a dormant judgment. In a single issue on appeal, Clarke asserts the court erred because (1) he was not properly served with the motion, and (2) the Bank did not exercise due diligence in reviving the judgment. For the following reasons, we reverse the trial court's order.

---

[1] This opinion was originally issued on June 26, 2023. It is being re-issued to accompany the Corrected Judgment, which is also being issued today

[2] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

# PROCEDURAL BACKGROUND

In 2002, Clarke opened a checking account at The Frost National Bank (the Bank). Over time, the account became overdrawn in the amount of $4,498.35. In 2006, the Bank sued Clarke to collect the overdraft amount. On May 6, 2010, the trial court rendered a final judgment in the Bank's favor (the 2010 judgment). The Bank attempted but failed to have a writ of execution issued within ten years of the 2010 judgment. Right after the ten-year mark passed, on May 26, 2020, the Bank filed a Notice of Appearance and Motion to Revive Dormant Judgment (motion to revive) in which it stated that the 2010 judgment remained unsatisfied and had become dormant on May 6, 2020. The motion asked only that the 2010 judgment be revived and extended for the full period provided by law. The certificate of service on the motion to revive states that the motion was served on Clarke only by certified mail and regular mail.

Almost three years later, on June 26, 2023, the Bank filed a notice setting its motion to revive for a hearing to take place on July 6, 2023. Clarke did not appear at the hearing. On July 6, 2023, the trial court signed an order granting the motion to revive and stating the 2010 judgment was "revived and extended for the full period provided by law."

Clarke filed a motion for new trial in which he asserted that if the motion to revive was a scire facias, then (1) the hearing on the motion to revive was conducted prematurely, without notice to him, and/or notice was defective or improper; and (2) neither the motion nor the notice of hearing was served on him through formal service of a citation or writ, as required by law. Alternatively, Clarke asserted that if the motion to revive was construed as an "action of debt," it was a new and independent suit that sought recovery of the full amount of the debt owed under the

2

2010 judgment and, therefore, was not properly served. The trial court heard the motion for new trial, but it was overruled by operation of law before the judge rendered a decision.

This appeal ensued. In one issue, Clarke challenges the revival because he was not properly served and because the Bank did not exercise due diligence in reviving the judgment.

## THIS COURT'S JURISDICTION

The Bank argues we lack jurisdiction over this appeal because the trial court's order is not a final judgment or an order made statutorily appealable. The Bank contends it obtained the order as part of a post-judgment proceeding and the order is merely a "declaratory order" that aids in execution of a final judgment by "reactivating" the trial court's suspended power to issue writs of execution to collect a revived judgment. *See Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding), *abrogated on other grounds, In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004) (orig. proceeding) (considering whether turnover order was a final, appealable "judgment," and noting "[i]t is true that the usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders"); *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2–3 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (considering order that was declaratory in nature because it stated prior final judgment had been satisfied by appellees; holding, "[m]ost post-judgment orders made to carry into effect or enforce a judgment are not appealable because these orders are not themselves a final judgment or an order for which an appeal is statutorily authorized"). The Bank also contends the order is a legitimate exercise of the trial court's duty to enforce its judgment. *See* Tex. R. Civ. P. 308 ("The court shall cause its judgments and decrees to be carried into execution[.]").

While the Bank merely filed a motion to revive in an attempt to "reactivate" the court's "suspended power" to aid in executing the 2010 judgment, and served the same in accordance with

Rule 21a, we construe the requisite process differently. Because the Bank failed to have a writ of execution issued within ten years of the 2010 judgment, the 2010 judgment went dormant. *See* Tex. Civ. Prac. & Rem. Code § 34.001(a) ("If a writ of execution is not issued within ten years after the rendition of a judgment of a court of record . . . , the judgment is dormant and execution may not be issued on the judgment unless it is revived."). Once a judgment becomes dormant, it may be revived within two years in one of two ways: through a writ of scire facias or through an action of debt. *Id.* § 31.006 (specifying the two ways a dormant judgment may be revived).

Here, the Bank did not file an action of debt as a new suit under a new cause number. *See Hawthorne v. Guenther*, 461 S.W.3d 218, 222 (Tex. App.—San Antonio 2015, pet. denied) ("An 'action [of] debt' is a new and independent suit that does not seek execution of the former judgment, but instead, seeks recovery of the full amount of the debt owed under the former judgment."); *see also Frost Nat'l Bank v. White*, No. 14-18-00437-CV, 2019 WL 1602180, at *1 (Tex. App.—Houston [14th Dist.] Apr. 16, 2019, no pet.) (mem. op.) ("An action for debt is an independent suit resulting in a new judgment[.]") Thus, we construe the Bank's attempt to revive the judgment within the same cause as an application for writ of scire facias.

And we have jurisdiction to consider Clarke's arguments regarding whether the trial court properly revived the 2010 judgment through the scire facias vehicle. *See, e.g.*, *Cornejo v. Int'l Bank of Com.*, No. 03-21-00019-CV, 2021 WL 4296416, at *1 (Tex. App.—Austin Sept. 22, 2021, no pet.) (mem. op.) (appeal from grant of scire facias reviving judgment); *McShane v. McShane*, 556 S.W.3d 436, 440 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (indicating that "the Civil Practice and Remedies Code 'has the effect of creating a twelve-year residual limitations period for final judgments'" in an appeal from order reviving judgment through scire facias) (quoting *Harper v. Spencer & Assocs., P.C.*, 446 S.W.3d 53, 55 (Tex. App.—Houston [1st Dist.] 2014, pet.

4

denied)); *Thomas v. Poonen*, No. 05-00-01233-CV, 2001 WL 755638, at *1 (Tex. App.—Dallas July 6, 2001, no pet.) (per curiam) ("To appeal an order granting writ of scire facias, the appellant must file his notice of appeal within thirty days of the signing of the order."); *Middleton v. State*, 11 Tex. 255 (1854) (addressing service of process of a writ of scire facias in proceeding resulting in default judgment).

## SCIRE FACIAS PROCESS

A scire facias proceeding for the revival of a judgment is not a new suit but a continuation of the suit in which the dormant judgment was rendered. *See Cornejo*, 2021 WL 4296416, at *4; *Pharus Funding, LLC v. Solley*, 06-20-00090-CV, 2021 WL 1680206 at *1 (Tex. App.—Texarkana 2021) (mem. op.). Scire facias may refer to both the writ and the whole proceeding. *Pharus Funding, LLC v. Garcia*, No. 01-20-00411-CV, 2021 WL 3556679, at *1 n.4 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, pet. denied) (mem. op.); *Int'l Fid. Ins. Co. v. State*, 71 S.W.3d 894, 897 n.2 (Tex. App.—Texarkana 2002, no pet.).

While the Bank points out that Civil Practice and Remedies Code § 31.006 does not set out the procedure for obtaining the revival of a dormant judgment by scire facias, "the procedure is generally set out in the reported cases." *Solley*, 2021 WL 1680206.[3] First, the judgment creditor must file an application for writ of scire facias. *Id*. Once a scire facias is issued, the writ must be served on the judgment debtor in accordance with the rules governing writs and process. *Id*.; *see* Tex. R. Civ. P. 15–17 (governing writs and process, unless otherwise specially provided for by

---

[3] We cite *Solley*, as it provides a good overview of the scire facias process, referencing collecting cases on the matter. We note that the Texas Supreme Court denied review in two cases where the issue involved the imposition of requirements not expressly set forth in § 31.006 of the Texas Civil Practice and Remedies Code in the context of a writ for scire facias. *See Pharus Funding, LLC v. Garcia*, No. 01-20-00411-CV, 2021 WL 3556679 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, pet. denied) (mem. op.); *Pharus Funding v. Sanchez*, No. 14-20-00418-CV, 2022 WL 288122, (Tex. App.—Houston [14th Dist.] Feb. 1, 2022, pet. denied) (mem. op.). Until the Texas Legislature clarifies the process through legislation or the Texas Supreme Court interprets the scire facias process differently, we will follow our sister courts' common interpretation.

law or these rules).[4]  This requires "the person against whom it is issued to appear and show cause . . . why a dormant judgment against that person should not be revived." *Solley*, 2021 WL 1680206 at \*1 (citation omitted). After the judgment debtor has answered, or after the time for filing an answer has expired, the judgment creditor may set a hearing on its application to revive the dormant judgment and obtain an order reviving the judgment. *Id.* at \*1.

## SERVICE

Clarke contends the Bank did not properly serve him because it failed to serve either a citation or writ on him, and service by mail was either ineffective or inadequate. The Bank counters that, if its motion to revive was a scire facias, then the trial court was authorized to revive the 2010 judgment without service or citation because nothing in the statute mandates the issuance of a citation prior to reviving a dormant judgment.

The Bank contends its service on Clarke pursuant to Texas Rule of Civil Procedure 21a[5] was sufficient and Clarke did not overcome the presumption in favor of service. The Bank reasons that "[i]f neither writs of execution nor turnovers require service prior to efficacy, and the one renews for ten years while the second revives for ten years, this Court may fairly ask what policy

---

[4] While the rules specially provide for different service methods for certain writs, the writ at issue here is not one of them. *See, e.g.*, Tex. R. Civ. P. 598a ("Service of [Attachment] Writ on Defendant"), 613 ("Service of Warrant on Defendant"), 663a ("Service of [Garnishment] Writ and Other Documents on Defendant"), 700a ("Service of [Sequestration] Writ on Defendant").

[5] Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below: (1) Documents Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2). (2) Documents Not Filed Electronically. A document not filed electronically may be served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

Tex. R. Civ. P. 21a(a) ("Methods of Service").

is possibly advanced by reading into the revival statute found in section 31.006 of the Code (right next door to the turnover statute) an unstated command for service of a citation or writ prior to revival." But the cases the Bank cites in support of its position do not extend the same service requirements, or lack thereof, to the process of reviving a dormant judgment after the Bank missed its ten-year window of opportunity to seek a writ of execution. *See, e.g.*, *Longoria v. Rutland*, No. 03-09-00392-CV, slip. op. 2010 WL 3810835, at 1 (Tex. App.—Austin Sept. 30, 2010, no pet.) (mem. op.) (recognizing that writ of execution "issued just under ten years after the judgment was rendered [] served to extend the judgment for another ten years"). The Bank further argues that requiring a scire facias writ or citation is not rooted in the Rules of Civil Procedure because "[t]he express function of the scire facias described in Rules 151 to 154 is not to revive a dormant judgment, but to 'abrogate' an entirely separate area of common law involving the abatement of a suit upon death of a party."

The arguments the Bank advances have been considered and rejected by several of our sister courts. *See, e.g.*, *Pharus Funding, LLC v. Sanchez*, No. 14-20-00418-CV, 2022 WL 288122, at *2 (Tex. App.—Houston [14th Dist.] Feb. 1, 2022, pet. denied) (collecting cases) (holding "weight of authority" was "decidedly contrary" to Pharus's position that only service under Rule 21 was required); *Garcia*, 2021 WL 3556679, at *2 (addressing the applicability of Rule 154 and Rules 15–17 to writs of scire facias in concluding that citation must be issued and served on judgment debtor). These courts have held, implied, or assumed "that a dormant judgment debtor must be personally served with the scire facias writ or citation, as the law requires for service of citations generally." *Sanchez*, 2022 WL 288122, at *2.

A "debtor on a judgment that has become stale through dormancy is entitled to rely on the legal implications of dormancy and rest assured that no execution may be pursued absent the

7

judgment's revival." *Id.* A dormant judgment debtor is entitled to actual notice through personal service that a party is seeking to revive the judgment "[g]iven the legislature's declaration that judgments of a certain age no longer remain subject to execution unless revived, coupled with the significant amount of time that must pass before a judgment becomes dormant[.]"[6] *Id.*

"Through the requirement that the writ of scire facias be served in accordance with the Texas Rules of Civil Procedure governing the service of writs, the judgment debtor is ensured of receiving actual notice of the application [to revive the judgment]."[7] *Solley*, 2021 WL 1680206 at *1. The bank cannot contravene the scire facias process by simply calling it a motion then applying Rule 21a service methods because it was only a motion, regardless of past practice on the part of judgment creditors. *See Solley*, 2021 WL 1680206, at *1 n.3 ("Conflating the issuance of the writ of scire facias with the order reviving the dormant judgment deprives the judgment debtor of the opportunity to assert any defenses and may deprive it of actual notice of the judgment creditor's attempt to revive the judgment."). The scire facias procedure "ensures that the judgment debtor is afforded the opportunity to assert any defenses it may have to reviving the judgment, including payment." *Sanchez*, 2022 WL 288122, at *3.

We conclude that because the Bank did not first obtain a writ of scire facias requiring Clarke to appear and show cause why the 2010 judgment should not be revived, and properly serve the same on Clarke, the trial court erred in granting the Bank's motion. *See Sanchez*, 2022 WL 288122, at *2 ("[W]e agree with those courts concluding that a dormant judgment debtor is entitled to actual notice through personal service that a party is seeking to revive the judgment.").

---

[6] The Bank here also argues in the alternative that Clarke had actual notice of the hearing and did not overcome the presumption in favor of proper service. We reject this argument in light of the record and the level of service to which Clarke was entitled.

[7] Rules 15–17 prescribe rules for process of all writs, except those for which the law or rules of civil procedure specially provide otherwise (*see* footnote 3 *supra*).

## CONCLUSION

We reverse the trial court's Order Granting Motion to Revive Dormant Judgment, and Order that it be denied without prejudice. *See* Tex. R. App. P. 43.2(c).[8]

LISA J. SOTO, Justice

July 29, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[8] Because we sustain Clarke's complaint on appeal that the Bank failed to properly serve him, we do not address whether the Bank exercised due diligence in reviving the judgment. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").